SECURITY BANK AND TRUST COMPANY, Appellant, *v*. CHARLES V. DERY, Respondent.

Third Department, January 5, 1921.

Bills and notes — holder in due course — defective title of transferee — negotiation of promissory note in breach of faith — note given upon condition that it was not to be used till payee had performed its part of contract — negotiation to plaintiff before contract performed — burden of proof not sustained by plaintiff.

In an action on promissory notes it appeared that the notes in suit as presented to the defendant for signature consisted of partly blank forms printed upon a single page of paper which was part of a folded sheet, on the first page of which was a printed or written contract; that the payee of the notes at the time of the execution assured the defendant that the

notes would not be used until the payee had performed his part of the contract; that the payee did not perform any part of his contract and, in violation thereof, cut from the instrument the four notes in question and discounted the same at the plaintiff's bank.

*Held*, that the notes in suit were negotiated in breach of faith and under circumstances amounting to fraud within the meaning of section 94 of the Negotiable Instruments Law and, therefore, the burden of proof rested upon the plaintiff to establish its good faith as a holder in due course as provided by section 98 of said statute.

The plaintiff failed to establish that it was a holder in good faith and for value, where the only proof on the question was given by its president, and it appeared that at about the same time the notes in suit were discounted the plaintiff purchased several thousand dollars of other paper of the same nature made by makers residing in various parts of the country and that the president of the plaintiff knew of the nature of the payee's business which on its face was of a dubious character.

The verdict of the jury in favor of the defendant conclusively established that the plaintiff was not a holder in good faith and the judgment should be affirmed.

APPEAL by the plaintiff, Security Bank and Trust Company, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Essex on the 13th day of May, 1920, upon the verdict of a jury, and also from an order entered in said clerk's office on the same day denying plaintiff's motion for a new trial made upon the minutes.

*Roy Lockwood* [*Fred W. Dudley* of counsel], for the appellant.

*Stokes & Owen* [*Harry E. Owen* of counsel], for the respondent.

H. T. KELLOGG, J.:

It is provided in section 98 of the Negotiable Instruments Law as follows: " Every holder is deemed *prima facie* to be a holder in due course; but when it is shown that the title of any person who has negotiated the instrument was defective, the burden is on the holder to prove that he or some person under whom he claims acquired the title as a holder in due course." It is provided in section 94 of the same law: " The title of a person who negotiates an instrument is defective within the meaning of this chapter when he obtained the instrument, or any signature thereto, by fraud, duress, or force and fear, * * * or when he negotiates it in breach of faith, or under

such circumstances as amount to a fraud." There can be no question that the payee of the notes in suit negotiated them in breach of faith and under circumstances amounting to a fraud. When the notes were presented to the defendant for signature they consisted of four partly blank forms printed upon a single page of paper. This page was part of a folded sheet, on the first page of which was printed a written contract. The two pages were not divided by perforated lines as if to be detached, nor did perforated lines separate the notes from one another. The defendant signed the contract and the notes at one and the same time, upon the understanding that they constituted and would remain a single instrument. In and by the contract the payee of the notes undertook to increase the business of the defendant within a year by at least $10,000, to accomplish this result by offering prizes, including the " capital prize " of an automobile, to deliver the automobile to the defendant within thirty days, and to deposit in the local bank a sufficient bond to perform its contract. At the time of the execution of the notes the defendant was assured by the payee that they *would not be used* until the payee had performed its part of the contract. Its agent said: " They couldn't possibly be used, because they were part of the contract; if they attempted to sell them, anybody could see they were part of the contract and they couldn't possibly be used until they had fulfilled their part of the contract." The automobile was never delivered, the bond was never filed, and nothing was ever done by the payee to perform its contract. Notwithstanding these facts the payee in violation of its contract cut out from the instrument the four notes in question and discounted the same at the plaintiff bank. Because the notes were thus negotiated in evident breach of faith the case falls directly within the provisions of the statute· which have been quoted, and the burden of proof rested upon the plaintiff to establish its good faith as a holder in due course. The plaintiff is a bank in Memphis, Tenn., and it was there that the notes were offered for discount. The defendant is a trades-man at Port Henry, N. Y., and it was there, more than 1,000 miles away, that the notes were executed. At about the time the plaintiff discounted these notes it also purchased paper aggregating $13,000, which had been given to the same payee

upon similar transactions by makers residing in various parts of the country. The president of the plaintiff knew the nature of the business conducted by the payee; knew that it was engaged in accelerating the trade of country merchants; knew that trade was to be increased by displaying an automobile as a prospective prize before the eyes of innocent country folk; knew that notes given were the product of such undertakings. He might well have suspected from the dubious character of its business that the payee was engaged in a scheme to collect money by means of notes fraudulently obtained or fraudulently discounted. However this may be, it was incumbent upon the plaintiff to establish (1) that it paid value; (2) that it acted in good faith. (See Neg. Inst. Law, § 91.) The only proof upon the subject was given by the plaintiff's president. Under the circumstances of the case the jury were not obliged to credit his testimony, so that neither proposition was conclusively established. (*Vosburgh* v. *Diefendorf,* 119 N. Y. 357; *Smith* v. *Weston,* 159 id. 194; *Kelso & Co.* v. *Ellis,* 224 id. 528.) The plaintiff relies upon a statement made in *Tradesmen's National Bank* v. *Curtis* (167 N. Y. 198) that it would be no defense to a note if its holder for value knew that it was not to be enforced until the merchandise for which it was given had been delivered. An examination of that authority will show that it was understood between the parties to the note in suit that it was to be discounted by the plaintiff. Here the undisputed agreement was that the notes should not *be used* until performance by the payee. We think that the decision of the jury in favor of the defendant conclusively established that the plaintiff was not a holder in due course, and that the judgment must be affirmed.

The judgment and order should be affirmed, with costs.

Judgment and order unanimously affirmed, with costs.