RAYMOND S. WILE, Respondent, *v.* NASSAU SMELTING AND REFINING
WORKS, LTD., Appellant.

First Department, June 1, 1923.

Discovery and inspection — motion to vacate notice given under Civil
   Practice Act, § 327, requiring production of papers referred to in
   defendant's affidavits on motion for preference — action was com-
   menced before Civil Practice Act became effective — Civil Practice Act,
   §§ 1568 and 1569, authorize notice in this action — application of pro-
   visions of Civil Practice Act, § 327, not inconsistent with proceedings
   heretofore had in this action — proper procedure is to apply for order
   vacating notice — plaintiff had right to have papers produced — court
   had power in order denying motion to vacate notice to fix time for
   production of papers.

In an action commenced before the Civil Practice Act became effective the
   plaintiff has the right under section 327 and sections 1568 and 1569 of the Civil
   Practice Act to serve notice on the defendant to produce for inspection certain
   papers referred to in affidavits of the defendant on a motion for preference,
   which papers and letters are the basis of complete defenses interposed.

The application in this action of the remedial provisions of section 327 of the
   Civil Practice Act is not inconsistent with a previous order vacating an order
   to examine the defendant concerning the same defenses which contained no
   direction for production of documents.

If the party served with notice to produce papers and documents under section
   327 of the Civil Practice Act, deems himself aggrieved or can show good
   cause why he ought not to be compelled to comply with the demand, the better
   procedure is to apply to the court to have the notice vacated, modified or regu-
   lated and he should not wait until the trial for relief from his failure to comply
   with the demand.

The documents or papers demanded in this action come within section 327 of the
   Civil Practice Act and the plaintiff was entitled to demand them.

The court had the power, in denying defendant's motion to vacate the notice, to
   fix the time when said papers should be produced for examination by the
   plaintiff.

APPEAL by the defendant, Nassau Smelting and Refining Works,
Ltd., from an order of the Supreme Court, made at the New York
Special Term and entered in the office of the clerk of the county
of New York on the 29th day of March, 1923, denying its motion
to vacate a certain notice served by plaintiff demanding that
defendant produce certain papers and allow plaintiff to make
copies thereof.

*Alfred Frankenthaler* [*John Godfrey Saxe* of counsel], for the
appellant.

*Gustave J. Rosen,* for the respondent.

McAvoy, J.:

By the order now here the learned justice at Special Term refused to vacate plaintiff's notice served on defendant under section 327 of the Civil Practice Act, and directed exhibition of the documents in question on a day certain. That notice, following the section mentioned, requires defendant to produce for inspection certain papers and letters referred to in affidavits of the defendant in a motion for a preference, which papers and letters are the basis of complete defenses theretofore interposed, and are referred to in the said affidavits as receipts in full and acknowledgments of payment of salary for April, 1919, *and all claims to date inclusive.* There is also mention in the affidavits of defendant of letters evidencing abandonment of the contract upon which the action is predicated, and besides this, one of the affidavits alleges that defendant holds an acknowledgement signed by plaintiff of payment of all claims due from this defendant. Doubtless section 327 literally covers the conditions which relate to the documents in this case. The point that it ought not to be enforced because it relates to an action commenced before the Civil Practice Act became effective is the main reliance of defendant. Sections 1568 and 1569 relate to the application of the new provisions to old actions. They doubtless do allow the court to apply such of these provisions as are remedial in their nature to actions begun before the Civil Practice Act became effective, in the interest of justice, but there is a further saving clause that such provisions may not be applied if inconsistent with proceedings theretofore had or taken in such action. It is claimed here that this remedial provision if now applied would be inconsistent with a previous order vacating an order to examine the party defendant anent these very defenses (but without any direction in that former order for production of documents) which was heretofore made under the former Code of Civil Procedure by Mr. Justice HOTCHKISS.

This argument is a pure *non sequitur.*

The notice under the Civil Practice Act's provision has nothing in common with an examination before trial where the party is orally examined as to his defenses. Production and exhibition of documents is now required on penalty, for refusal to produce, of not being permitted to introduce the documents in evidence on trial, unless, for cause shown, the court then, or theretofore, directs that they be admitted.

While this provision is borrowed from rule 15 of order 31 of the English Rules of the Supreme Court, it falls short of those Rules in failing to provide for an enforcement order such as is found therein. (See Eng. Rules Sup. Ct., order 31, rule 18.) Those Rules gen-

erally are a part of and were adopted pursuant to the English Supreme Court of Judicature Act, 1875, as amended (38 & 39 Vict. chap. 77, as amd.; *Garnett* v. *Bradley,* L. R. [1898] 3 App. Cas. 964; *Longman* v. *East,* L. R. [1877] 3 C. P. D. 156), which Act, together with said Rules, is here known as the English Practice Act. The penalty in our act's provision need not be enforced until the trial, for no section to compel compliance with the notice to produce and exhibit theretofore is enacted, nor is provision made for enforcement in advance of trial under the Rules of Civil Practice. The section's enforcement is to be refused only when the party shall satisfy the court that the document demanded in the notice relates to defendant's title or that he had some other sufficient cause or excuse for non-compliance with the notice.

The better procedure of a party to obtain relief from such a notice to produce and exhibit documents which he deems improvident or contrary to the interest of justice, or where he has good cause to show why he ought not to be compelled to comply with the demand of such a notice, is to apply to the court to have it vacated, modified or regulated by a preliminary order, thus assimilating the practice under this form of notice to that used under the notice for examination before trial. (See Civ. Prac. Act, § 291; Rules Civ. Prac., rule 124.) If the party upon whom such notice is served awaits the trial for relief from his failure to comply with the demand therein, he risks the exclusion of conclusive evidentiary documents to the necessary summary review of his asserted grounds and immediate decision thereon for his failure to comply with the notice which is perforce incident to an examination of a collateral issue at a trial.

His failure to apply for relief by motion to vacate will properly be urged as a ground to refuse to give either credence or weight to reasons for the allowance of the introduction of the involved documents in evidence, and the surprise of his adversary will often necessitate postponements and adjournments to reach a just conclusion of a wholly collateral matter. This ought to be avoided. In cases in which exceptional circumstances are shown, the court may allow this practice, but obviously it must be a rare instance when it ought to be followed.

The documents or papers demanded for production here are such as to which reference has been made in pleadings or affidavits of the defendant, and as there is no limit to the right to give the notice and no restriction on the kinds of papers which must be produced, except as recited in the section, the right to the remedy is established and the order is within both the spirit and letter of the enactment.

The provision of the English Rules of the Supreme Court (Order 31, rule 15) from which section 327 of our Civil Practice Act is derived, and the citations of court rulings under the practice in England, although all the cases cited were decided preliminarily under the motion in that practice for an order for enforcement, are persuasive that such a notice as is here involved is well within the intent of the framers of this remedial provision. (See *Quilter* v. *Heatly*, L. R. 23 Ch. Div. 42, 50, where LINDLEY, L. J., says: " These rules were evidently intended to give the opposite party the same advantage as if the documents referred to had been fully set out in the pleadings.")

The fixing in this order of a time to exhibit the papers demanded is, necessarily, within the implied power of the court in making its order on a motion made by defendant to vacate, although no express grant of power to make this direction is given in the act, because the time fixed in the notice may have expired or exigencies of the party notified may often require extension of time to comply. The result of a failure to obey the notice or the order after a ruling is a refusal by the trial court to permit the party offending to offer the documents in evidence at the trial of the action. This was the intent of the Legislature and it should be carried out.

The order should be affirmed, with ten dollars costs and disbursements.

CLARKE, P. J., DOWLING, MERRELL and FINCH, JJ., concur.

Order affirmed, with ten dollars costs and disbursements. The date for the papers to be produced and exhibited to be fixed in the order. Settle order on notice.