ASBESTOS TRADING & FINANCE Co., INC., Plaintiff, *v.* GEORGE HAZEN, Doing Business under the Firm Name and Style of ABBOTT ROOFING Co., and ASBESTOS LIMITED, INC., Defendants.

Supreme Court, New York Special Term, January, 1924.

Negotiable instruments — trade acceptances — when separate defense alleged in answer in action upon trade acceptance deemed to raise issue — motion for summary judgment denied — when plaintiff in action on negotiable paper is presumed to be bona fide holder — when burden of proof rests on plaintiff pursuant to Negotiable Instruments Law, section 98 — trade acceptance directed filed in office of county clerk for disposition.

The defendant H., upon his acceptance of a trade acceptance alleged by the complaint to have been duly made, delivered it to the other defendant, who duly and for value and before maturity indorsed it and delivered it, so indorsed, to the plaintiff.    In an action upon the trade acceptance, in which judgment was sought against H. only, the other defendant not having been served with process, the answer besides a general denial pleaded a separate defense which seeks:

1. An inquiry into the good faith of the other defendant in negotiating the trade acceptance without having complied with the conditions attached to an order for roof paint in payment for which the trade acceptance was given.
2. To establish that the trade acceptance in suit was negotiated in breach of faith and in circumstances amounting to fraud within the meaning of section 94 of the Negotiable Instruments Law, and said defense further tended to establish that the plaintiff is an associated finance company of the other defendant. *Held,* that the separate defense raised a triable issue, and that a motion by plaintiff for summary judgment, upon which the answering defendant submitted an affidavit in support of the separate defense, will be denied.

Under the settled law of this state the plaintiff in an action upon negotiable paper is presumed in the first instance to be a *bona fide* holder, but when the maker or acceptor has shown that the instrument was obtained from him under duress or that he was defrauded, the plaintiff is then required to show in what circumstances and for what value he became the holder, so in the present case the burden of proof rests upon the plaintiff to establish its good faith as a holder in due course, as provided by section 98 of the Negotiable Instruments Law.

The trade acceptance is directed to be filed in the office of the county clerk and there retained subject to the further order of the court as to its redelivery, upon the termination of the action, to the person entitled to its possession.

MOTION for summary judgment under rule 113 of the Rules of Civil Practice.

*Allan Deutsch,* for plaintiff.

*Florence Farrington,* for defendant George Hazen.

LYDON, J.   This is a motion for summary judgment under rule 113 of the Rules of Civil Practice.   Judgment is sought against the defendant Hazen only.   The other defendant, Asbestos Limited, Inc., has not been served and has not appeared in the action. The action is predicated on a trade acceptance which the complaint alleges was duly made, executed, accepted and delivered for value by the defendant George Hazen, and so accepted delivered to the other defendant, Asbestos Limited, Inc., who duly and for value and before maturity indorsed the said trade acceptance and delivered it so indorsed to the plaintiff herein.   The answer is a general denial and sets forth a counterclaim predicated on fraud and false representation.   This should have been pleaded as a separate defense and the court will so interpret it.   In support of the said separate and distinct defense the defendant Hazen submits an affidavit which recites that he has resided in the city of Buffalo, county of Erie, state of New York, all his life and is in business there; that in the month of June, 1922, he was solicited and importuned by an agent or representative of the other defendant, Asbestos Limited, Inc., to place an order through him for some roofing paint, and that he finally did place such order, and at the time of giving such order did sign the trade acceptance sued upon; that such order was placed under certain arrangements

reduced to writing between them, and that certain false and fraudulent representations were made to said Hazen by said representative and that he believed them to be true, and relied upon them, and that by those means his signature was obtained to the alleged trade acceptance which is the basis of this action. He further asserts in his affidavit that the trade acceptance was altered and varied in its terms after his signature was so fraudulently obtained to it, and that this plaintiff acquired the said trade acceptance through its connection or privity with the other defendant, Asbestos Limited, Inc. It further appears from the papers submitted by the defendant Hazen that the conditions attached to the order were never fulfilled by the defendant Asbestos Limited, Inc., and consequently the defendant Hazen returned the merchandise shipped to him in the same condition and packages in which it was received.

I am of the opinion that the separate defense referred to raises a triable issue as it seeks to inquire into the good faith of the defendant, Asbestos Limited, Inc., in negotiating this trade acceptance without having complied with the conditions attached to the order for certain merchandise in payment for which this trade acceptance was given. It seeks to establish that the trade acceptance in suit was negotiated in breach of faith and under circumstances amounting to fraud within the meaning of section 94 of the Negotiable Instruments Law, and, therefore, the burden of proof will rest upon the plaintiff to establish its good faith as a holder in due course as provided by section 98 of said statute. *Security Bank & Trust Co.* v. *Dery,* 194 App. Div. 572. It must now be regarded as the settled law of this state that a p aintiff, suing upon a negotiable note or bill, is presumed, in the first instance, to be a *bona fide* holder. But when the maker or the acceptor has shown that the instrument was obtained rom him under duress, or that he was defrauded, the plaintiff will then be required to show under what circumstances and for what value he became the holder. *Vosburgh* v. *Diefendorf,* 119 N. Y. 357; *Kelso & Co.* v *Ellis,* 224 id. 528. The defense further tends to establish that the plaintiff is an associated finance company of the defendant, Asbestos Limited, Inc. In any event I fail to see what harm can come to the plaintiff in going to trial if it has a just cause of action. The Civil Practice Act was never intended as a sharp-edged instrument to be used to frustrate justice.

This is the fourth or fifth motion that has come before me under rule 113 of the Rules of Civil Practice for summary judgment where the Asbestos Limited, Inc., appears either as a codefendant or as a plaintiff, and the Fi-Bestos Co., Inc., or the Asbestos Trading &

Finance Co., Inc., also appear in like capacity as party litigants. In each case the trade acceptance sued upon is encompassed with the same facts and circumstances as shown in the instant case. I am, therefore, reluctantly led to the conclusion that this roofing product is being marketed through a parent company with many ramifications, under a carefully conceived and voluminous plan for arousing the interest of the country dealer, the idea being to so stimulate trade beyond its usual activity as to enhance the sales of the merchant and thus put money in his purse.   The seller so paints the picture when effecting the sale as to give the idea to the country merchant that large profits will be made without any effort on the part of the buyer, as the seller agrees that upon the arrival of the roofing material it will send its salesmen to canvass the adjacent territory and do all the missionary work in the way of advertising and creating a demand for the product; that all sales made by said salesmen will be turned over to the country merchant who is to fill the orders from the merchandise shipped by the parent company.   It is also further agreed that the roofing material is not to be paid for by the country merchant until the same has been resold notwithstanding the fact that a trade acceptance has already been given in full payment for this very merchandise.   The seller fails, neglects or refuses to carry out any of these promises and thus abandons the country merchant with this material on his hands. In these circumstances it would be an abuse of the equitable powers of this court to permit a summary judgment to be entered against the buyer of said product as contemplated by the within motion, where the cry of fraud against the seller is enunciated so loudly by so many dealers throughout the state.   In the various motions heretofore referred to the cry of fraud and misrepresentation has come from Rockville Center, L. I.; Buffalo in Erie county; the town of Perry in Wyoming county, and the town of Fulton in Oswego county.

This motion is, therefore, denied, with ten dollars costs.

The trade acceptance marked plaintiff's Exhibit "A" is directed to be filed in the office of the county clerk, there to be retained under the order of the court and redelivered under like order to such person as may be designated therein as entitled to its possession after final termination of this action.   Settle order on notice.

Ordered accordingly.