HAROLD WILLIAMS, Respondent, *v.* EDWARD DEV. TOMPKINS, INC., Appellant, Impleaded with DANIEL J. LEARY and Another, Copartners, Doing Business under the Firm Name and Style of LEARY & CO., and Another, Respondents, and EDWARD DEV. TOMPKINS, Defendant.

First Department, April 4, 1924.

Bills and notes — action against maker — counterclaim alleges release of maker and assumption of obligations by third parties under agreement to which plaintiff was not party — it is sought to bring in as defendants parties to said agreement and also person from whom plaintiff borrowed money which he loaned defendant and for which he received notes in suit — answer demands that notes be canceled or, in alternative, that defendant be saved harmless by two of parties to agreement — counterclaim insufficient — agreement did not release plaintiff as alleged — counterclaim does not state cause of action against plaintiff and new parties cannot be brought in under Civil Practice Act, § 271.

In an action upon certain promissory notes brought against the maker, a corporation, wherein it appears that the plaintiff and one Tompkins were associated as stockholders in the defendant corporation, which had a contract to build a sewer; that each loaned the defendant one-half the money deemed necessary for the performance of the contract; that the plaintiff obtained his money therefor from one Leary, a member of the firm of Leary & Co., and in turn loaned it to the defendant receiving the notes in suit; that Tompkins obtained his money to loan the defendant from said Leary & Co.; that the defendant was unable to complete the sewer contract, and that Leary & Co. took over the same after making an agreement with Tompkins and the defendant which provided that Leary & Co. should assume all the obligations of the defendant arising out of the sewer contract, an alleged equitable counterclaim, seeking to join Leary & Co. and Tompkins as defendants, should be stricken out on motion, where the prayer for relief demands that the notes be canceled or, in the alternative, that Leary & Co. specifically perform said agreement by satisfying said notes or by paying any judgment obtained against the defendant on them, for such alleged counterclaim does not state a cause of action against the plaintiff, since he was not a party to said agreement and his obligation to repay Leary for the money borrowed was not released thereby.

The new parties cannot be brought in by virtue of section 271 of the Civil Practice Act, for that section was derived from the English Rules of the Supreme Court (Order 21, rules 11–14), and it should, therefore, be construed in conformity with the English authorities which hold that a defendant may not, under such practice provision, join as parties those liable separately from the plaintiff, and that where alternative relief is asked against the persons sought to be brought in, they are not persons liable along with the plaintiff within the purview of the statute.

APPEAL by the defendant, Edward DeV. Tompkins, Inc., from three orders of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New

York on the 13th day of July, 1923, striking out from defendant's answer the second alleged equitable counterclaim set forth therein against the plaintiff and the names of Daniel J. Leary and William C. Reid, comprising the firm of Leary & Co., and Daniel J. Leary and Edward DeV. Tompkins, individually, whom the defendant seeks to bring in as new defendants, pursuant to section 271 of the Civil Practice Act.

By said second counterclaim contained in the answer of the defendant, Edward DeV. Tompkins, Inc., the defendant seeks to bring into the action the members of said firm and the said Daniel J. Leary and Edward DeV. Tompkins, individually, as parties defendant pursuant to the provisions of section 271 of the Civil Practice Act. Three separate motions were made to strike out said second counterclaim, one being made by the plaintiff and the other two by the parties sought to be brought in by the said counterclaim. The same relief is asked on each application, namely, that the allegations of said counterclaim and the names of the new parties be stricken out. The Special Term granted the three applications by the orders appealed from.

*Lamar Hardy [Selig Edelman* of counsel], for the appellant.

*Katz & Sommerich [Otto C. Sommerich* of counsel], for the plaintiff, respondent.

*Siegfried F. Hartman [Willard S. McKay* with him on the brief], for the respondents Daniel J. Leary and Leary & Co.

MERRELL, J.:

The action is brought upon twenty-two promissory notes, the aggregate principal of which amounts to $61,600. Said notes were made by the defendant, Edward DeV. Tompkins, Inc., to the plaintiff, Harold Williams. The complaint is in the usual form, setting up twenty-two causes of action, one as to each of said notes.

The answer of the defendant first denies the allegation of the complaint as to each separate cause of action as to the amount due upon the note to which it pertains, and also denies that no part of the said note has been paid, and denies that the amount stated as to each cause of action is due from the defendant to the plaintiff.

Two counterclaims are set forth in the answer, in the first of which it is alleged that the defendant was released from the payment of the notes in suit, and that any obligation or indebtedness thereon on the part of the defendant was, with the knowledge, consent and acquiescence of the plaintiff, assumed by the copartnership of Leary & Co.; and that the notes were extinguished as obligations of the defendant, Edward DeV. Tompkins, Inc., as

the result and by reason of the facts, circumstances, agreements and novations set forth at length in said first counterclaim. It is alleged therein that the circumstances under which said notes were given were that Edward DeV. Tompkins, one of the parties sought to be joined as a party defendant herein, and the plaintiff were associated as stockholders in the defendant corporation, which corporation had certain contracts with the city of Bridgeport, Conn., for municipal improvements; that the plaintiff and said Edward DeV. Tompkins each owned one-half of the stock of the defendant corporation, and that each contributed by way of loans one-half of the capital necessary for the performance of one of said contracts, which was for the construction of a sewer. It is further alleged that the plaintiff obtained his money therefor from Daniel J. Leary, one of the members of the firm of Leary & Co., individually, and in turn loaned this money to the defendant; and that Edward DeV. Tompkins obtained his share of the money to perform said contract from the copartnership of Leary & Co.; and that to secure the plaintiff for the moneys thus advanced to him by Daniel J. Leary and by him loaned to the defendant corporation, plaintiff received the notes which are set forth in the complaint herein; that during the course of the performance of said sewer contract the defendant corporation found itself unable to carry the same through; and that Leary & Co. took over said contract with the city of Bridgeport, after making an alleged agreement which is annexed to the answer, wherein Leary & Co. purport to agree to perform the contract and assume all the liabilities arising out of said contract. The alleged contract states in its 2d paragraph as follows:

" II. The said party of the third part [Leary & Co.] assumes all the debts, obligations and liabilities owing by the party of the second part [Edward DeV. Tompkins, Inc.], where such debts, obligations and liabilities have arisen or grown out of the said sewer contract."

The parties to said agreement were Edward DeV. Tompkins, individually, the defendant corporation, and Leary & Co. The plaintiff was not a party thereto, although as a stockholder of the defendant corporation he signed a consent to the execution of the contract. Nowhere in the contract does it appear that Leary & Co. assumed the payment of the notes in suit given for advances made by the plaintiff to the corporation; and while it is alleged in said counterclaim that the defendant corporation was discharged of any liability to the plaintiff upon the promissory notes in suit, there was no basis therefor in the agreement aforesaid. The facts aforesaid are alleged in said answer as a first separate and distinct

equitable defense and counterclaim asserted separately as to each of the twenty-two causes of action set forth in the complaint.

In the second counterclaim, wherein the defendant seeks to join as parties defendant the said Daniel J. Leary and William C. Reid as copartners doing business under the firm name and style of Leary & Co., Daniel J. Leary and Edward DeV. Tompkins, it is alleged that under the aforesaid agreement made between Edward DeV. Tompkins of the first part, Edward DeV. Tompkins, Inc., of the second part, and Leary & Co. of the third part, the defendant was to be released from all liability to the plaintiff arising out of said notes by reason of the same facts and circumstances set forth in the first counterclaim, the defendant claiming that it was the understanding thereby that the defendant Edward DeV. Tompkins, Inc., should be held free and harmless from any claims whatsoever by reason of such notes, and that it was the duty of Leary & Co. to have canceled and discharged the same. It is the claim of the defendant that under said agreement Leary & Co. assume liability on said notes, notwithstanding the fact that the plaintiff was not a party to the said agreement, but merely consented thereto as a stockholder of the defendant corporation. Defendant corporation, in its prayer for relief, demands that the plaintiff and the defendants Daniel J. Leary, and Daniel J. Leary and William C. Reid, composing the firm of Leary & Co., whichever of them may be in possession of the notes which are the subject of the complaint in this action, be directed to surrender the same to the defendant Edward DeV. Tompkins, Inc., for cancellation; that as alternative relief, if such cancellation be not decreed, the defendants Leary and Reid, composing the firm of Leary & Co., be decreed to specifically perform the said agreement between Tompkins, the defendant and Leary & Co. by paying any judgment that may be rendered in this action in favor of the plaintiff and against the defendant on the said promissory notes which are the subject of this action, and that said defendants Leary and Reid be compelled to satisfy and discharge all of the said promissory notes so as to save the defendant from a multiplicity of suits, and assuring the defendant peace from further prosecution and litigation on account of such notes.

It thus appears that the defendant first sets forth what may be a complete defense to the notes in suit, and in another breath says that if the defendant is liable thereon, the other parties should be required to pay any judgment recovered herein. It is perfectly plain that the facts alleged by way of counterclaim in said answer do not constitute a cause of action against the plaintiff.

While the allegations in the counterclaim are that the defendant Leary & Co. released the defendant from all obligation on the promissory notes set forth in the complaint herein with the consent and acquiescence of the plaintiff, and that by virtue of said agreement the defendant was released from all obligation to the plaintiff on said notes, the contract itself does not support such allegation. By the terms of said contract Leary & Co. merely released Tompkins individually, and Tompkins, Inc., the defendant herein, from obligation to refund or to repay to Leary & Co. moneys advanced by them to the defendant for the construction of said sewer; and nowhere in the agreement is there or could there be any agreement to release the defendant from its obligation to the plaintiff. It nowhere appears that the plaintiff has been released from his obligations to Leary, and by the taking over of the contract for the construction of said sewer by Leary & Co. the plaintiff is stripped of all interest in the sewer contract, and unless the plaintiff can collect upon the notes in suit he will be without means to meet his obligations to Leary.

The defendant, by the interposition of said second counterclaim, seeks to bring in said new parties by virtue of the provisions of section 271 of the Civil Practice Act which provides in part as follows:

" § 271. New parties set up in counterclaim. Where a defendant sets up any counterclaim *which raises questions between himself and the plaintiff along with any other persons,* he shall set forth the names of all the persons who, if such counterclaim were to be enforced by cross action, would be defendants to such cross action." (Italics are the writer's.)

The remainder of section 271 provides that where such other person is not a party he shall be summoned to appear and be served with the answer, and thereby becomes a party defendant to the action and may reply to said counterclaim or he may serve a notice of appearance on the party interposing the counterclaim.

I do not think that the defendant in its second counterclaim alleges any facts which raise questions between the defendant and the plaintiff *along with* the other persons sought to be brought in as parties defendant. Under the allegations of the counterclaim and by virtue of the provisions of the contract annexed to and made a part thereof, there arises no claim on the part of the defendant against the plaintiff. How then can it be said that the counterclaim raises questions between the defendant and the plaintiff along with said other persons sought to be brought in? The basis of a counterclaim is a cause of action on the part of a defendant against a plaintiff. No facts are alleged in the

answer showing any claim on the part of the defendant against the plaintiff. It may be that the defendant has a claim against Leary & Co., but if so it is a claim entirely independent of the plaintiff and under an agreement to which the plaintiff was not a party.

The defendant relies upon the case of *Gettinger* v. *Glasser, No. 2* (204 App. Div. 829). That case passed through this court and was decided April 6, 1923. The action there was brought by the plaintiffs, as copartners, against the defendants, copartners, to recover for work, labor and services. In their amended answer the defendants allege that the plaintiffs were employed to manufacture ladies' dresses for the defendants from materials furnished by the latter, and that the defendants had delivered to the plaintiffs raw materials, for which the plaintiffs had not accounted, to the amount of $6,878.69; that the defendants held a policy of burglary insurance upon said goods while upon the premises occupied by the plaintiffs; and that while said raw materials were in plaintiffs' possession, the premises of the plaintiffs were broken into and violently entered by some person or persons, and said raw materials of the defendants, consisting of pieces of taffeta of the value of $6,878.69 aforesaid, were feloniously abstracted therefrom; that immediately upon discovery of such loss the defendants duly notified the National Surety Company of New York, which had issued said policy of burglary insurance, and made proof of loss according to the requirements of said policy, and duly performed all of the conditions of said policy on their part; that more than ninety days had elapsed since furnishing to the defendant National Surety Company of New York all of the particulars of said loss, but that the said defendant surety company had paid no part of said insurance to the defendants. The defendants further set up in their answer by way of counterclaim and allege that the said defendants delivered to the plaintiffs the goods, wares and merchandise in question of the reasonable market value of $6,878.69, and engaged plaintiffs to manufacture the same into ladies' dresses, which the plaintiffs promised and agreed to do, and to return the same to the defendants Glasser & Weinstein within a reasonable time on demand; and the defendants allege upon information and belief that the plaintiffs have failed to manufacture dresses from said goods for said defendants, and that the defendants have duly demanded of the plaintiffs that they return said goods, but that the plaintiffs failed and refused so to do. The action was brought by the plaintiffs, as copartners, against the defendants Glasser & Weinstein, impleaded with the National Surety Company of New York, which had issued said policy of insurance. In the prayer for relief the defendants demand judgment for a dismissal of the

complaint, with costs, and for judgment against the plaintiffs for the value of said goods delivered to them, or in the event that the plaintiffs recover judgment against the defendants Glasser & Weinstein, that the said defendants have judgment against the defendant National Surety Company of New York for the said sum of $6,878.69, together with the costs and disbursements of the action. This court upheld such counterclaim and reversed the order of the Special Term striking out the name of the National Surety Company of New York as a party defendant and striking out from the amended answer all allegations with reference to said insurance company, upon the ground that it was problematical whether the goods of the defendants had been converted by the plaintiffs, in which event the defendants Glasser & Weinstein would be entitled to counterclaim the value against plaintiffs' claim, or whether they were stolen from the plaintiffs as the result of a burglary, in which event the surety company would be liable to the defendants for their value up to the amount of the policy, which it had issued. This court held that, inasmuch as the controversy was for the property intrusted to the plaintiffs for the purpose of manufacture, and was so closely connected with the plaintiffs' cause of action, it should be determined in the same suit. The distinction between *Gettinger* v. *Glasser* and the case at bar lies in the fact that there the defendants clearly had a counterclaim against the plaintiffs for the value of the goods which had been delivered to the plaintiffs to be manufactured but for which the plaintiffs had not accounted; and this court properly held under such circumstances that it was proper to join the insurance company which had issued its policy of insurance for the protection of the defendants upon its goods while in plaintiffs' custody. In such case the counterclaim set up by the defendant did raise questions between the defendants and the plaintiffs along with the insurance company. If the plaintiffs had converted the goods, they then were liable to the defendants upon the counterclaim. On the other hand, if the goods were stolen from the plaintiffs without their fault, the insurance company then was liable to reimburse the defendants for the loss thereof. In the case at bar no facts whatever are stated upon which the defendant corporation can be granted any affirmative relief against the plaintiff. In the *Gettinger* case, unless the insurance company was made a party defendant, it might very well happen that in an action between the plaintiffs in that case and the defendants the former might excuse its failure to account for defendants' goods upon the claim that the same had been burglariously stolen from the plaintiffs without the plaintiffs' fault, and the jury might so decide and

thereby defeat defendants' counterclaim for the value of said goods. The insurance company would not be a party to such action and would not be bound by the finding of the jury in that respect. If the defendants should then proceed against the insurance company to recover upon its policy, it might be determined in such action that there had been no burglary but that the plaintiffs had converted the defendants' goods. It, therefore, was necessary for the protection of the defendants that the insurance company be joined as a party to said litigation.

Section 271 of the Civil Practice Act is a new provision engrafted into our civil procedure from the English Rules of the Supreme Court, where in substantially the same form it appears as order 21, rules 11-14. (See Report of Joint Legislative Committee on Simplification of Civil Practice [N. Y. Legis. Doc. 1919, Vol. 40, No. 111], pp. 188, 189, § 271, note; White & King's The Annual Practice 1924, pp. 368, 369.) These provisions have inaccurately become known in this State as the English Practice Act. (See *Wile* v. *Nassau Smelting & Refining Works, Ltd.*, 205 App. Div. 657, 658, 659; *Norwich Pharmacal Co.* v. *Barrett*, Id. 749, 751, 752.) Such being its origin, it should be construed in conformity with the construction of the courts in the jurisdiction from which it was derived. (*Appelbaum* v. *Gross*, 117 Misc. Rep. 140; affd., on opinion below, 200 App. Div. 914; *Interstate Commerce Commission* v. *Baltimore & Ohio R. R.*, 145 U. S. 263.) The English authorities seem in accord in holding that a defendant may not, under such practice provision, join as parties those liable separately from the plaintiff; and that where alternative relief is asked against the persons sought to be brought in, they are not persons liable along with the plaintiff within the purview of the statute. In *Times Cold Storage Co.* v. *Lowther* (L. R. [1911] 2 K. B. 100) the court (at p. 106) construed the words " along with " as used in rule 22 of order 10 of the English County Court Rules (Ruegg's The Annual County Courts Practice 1923, p. 435), the first part of which is in the same terms as rule 11 of order 21 of the English Rules of the Supreme Court (White & King's The Annual Practice 1924, p. 368), as follows: " In my opinion ' along with ' does not mean diversely from or separately from, but means what it says, ' along with,' and a case in which an alternative remedy is counterclaimed against a third person is not a case in which the counterclaim raises questions between the defendant and the plaintiff along with that third person. In the present case the defendants seek to bring in the New Zealand Shipping Company, not to answer a joint case along with the Times Cold Storage Company, but to be parties to the litigation, while a different case is raised against

the latter, and it is only in the event of the failure of the counterclaim against the storage company that a case will have to be made out against the shipping company. That course appears to me to involve a hardship on the New Zealand Shipping Company and also on the Times Cold Storage Company, and in my opinion is not within the terms of the rule."

In Bullen & Leake's Precedents of Pleadings (7th ed. p. 465) the authors say: " It will be observed that Ord. XXI, r. 11, cited below, is confined to counterclaims which raise questions between the defendant and the plaintiff ' along with any other persons.' Hence, it has been held that a person cannot be joined as defendant along with the plaintiff to a counterclaim where relief is only claimed against the plaintiff and such person in one of two inconsistent alternatives (*Evans* v. *Buck*, [1876] 4 Ch. D. 432; 46 L. J. Ch. 157; *Central African Co.* v. *Grove*, [1879] 48 L. J. Ex. 510. Cf. *Times Cold Storage Co.* v. *Lowther*, [1911] 2 K. B. 100; 80 L. J. K. B. 901, which was a decision of a Divisional Court upon the same words in the corresponding County Court rule)." (See, also, *Central African Trading Co.* v. *Grove*, 48 L. J. Ex. 510.)

Each of the orders appealed from should be affirmed, with ten dollars costs and disbursements to the respondent in each case.

DOWLING, SMITH, McAVOY and MARTIN, JJ., concur.

In each case: Order affirmed, with ten dollars costs and disbursements.