FEDERAL CREDIT BUREAU, INC., Plaintiff, *v.* NARICE HOLDING CORPORATION and Others, Defendants.

City Court of New York, New York County, January 20, 1930.

*Eliot E. Berkwit*, for the plaintiff.

*M. Carl Levine*, for the defendant Narice Holding Corporation.

*Davis, Polk, Wardwell, Gardiner & Reed*, for the defendant Iron Fireman of New York, Inc.

NOONAN, J.   This is a motion to strike out a counterclaim against the Iron Fireman of New York, Inc., contained in the third separate and distinct defense of the amended answer of the defendant Narice Holding Corporation.

The action is on a promissory note dated July 18, 1928, signed by the defendant Narice Holding Corporation, and made payable to the order of Iron Fireman Automatic Stoker Corporation in the sum of $4,245 in monthly installments of $353.75, commencing September 1, 1928, and terminating August 1, 1929.   It is alleged in the complaint that before the maturity of any installment due under the note it was transferred for value by the payee to the New Amsterdam Credit Corporation, and that thereafter and prior to the commencement of the action the New Amsterdam Credit Corporation set over and assigned the note to the plaintiff, together with any and all rights, claims and causes of action that the New Amsterdam Credit Corporation had or might have had against the defendant.   The complaint then sets forth that the note was presented for payment in accordance with its terms on the 1st day of September, 1928, and on the first day of each and every month thereafter, and that there is now due and owing on the note the sum of $1,415, representing four installments due respectively on the 1st days of October, November and December, 1928, and on the 1st day of January, 1929.   From these allegations of the complaint it is apparent that the plaintiff sues as a holder or assignee of the note after maturity.

The third separate defense, which is attacked on this motion, is also pleaded as a counterclaim against the Iron Fireman Automatic Stoker Corporation and the Iron Fireman of New York, Inc.   In this defense the defendant Narice Holding Corporation alleges that on or about July 18, 1928, a written contract was made between it and the Iron Fireman Automatic Stoker Corporation, whereby the latter agreed to sell to it two iron fireman automatic coal burners of a special type and to install the same in a certain building for the agreed price of $4,715, payable in installments.   It was further alleged therein that attached to the written contract of sale was a " memorandum " showing how the installments were to be paid, which was in the form of the instrument sued upon as a note by the plaintiff.   It was still further alleged that in the written contract there were incorporated certain warranties and guaranties

as to the capacity and character of the equipment to be installed, these warranties and guaranties being described in detail in the defense. It is then alleged that after installation the defendant discovered the falsity of the warranties and guaranties, and so notified the seller, the Iron Fireman Automatic Stoker Corporation, and that the coal burners are being held for the use and benefit of the seller, and that the defendant still is and at all times was ready, able and willing to return the said burners.

Another part of the same defense pleads that by reason of the breach of the warranties and guaranties the defendant was damaged in the sum of $3,000. It is also averred that prior to the transfer of the note to it the plaintiff had full and complete knowledge of all the terms and conditions upon which the note was delivered by the defendant. Then it is set forth, upon information and belief, that prior to the commencement of the action the defendant Iron Fireman Automatic Stoker Corporation duly set over, transferred and assigned all its assets to the defendant Iron Fireman of New York, Inc., and that the Iron Fireman of New York, Inc., assumed all the indebtedness, liabilities and obligations of the Iron Fireman Automatic Stoker Corporation and agreed to meet and pay any and all obligations and liabilities of the Iron Fireman Automatic Stoker Corporation.

An examination of this third defense discloses a claim for rescission of the contract because of the breach of the warranties and a claim for damages, both being alleged in the same defense. The defendant has a right to one or the other, and cannot, in my opinion, allege both of these inconsistent remedies, one being based on an affirmance and the other on a disaffirmance of the contract, in the same defense. The defense is defectively pleaded for that reason. The facts set forth, if properly pleaded, might be urged as a defense to the note, because it is alleged that the plaintiff had knowledge of the warranties before it took the note after maturity. The question of the good faith of the plaintiff would then be involved. (*Security Bank & Trust Co.* v. *Dery,* 194 App. Div. 572.)

I fail to see, however, how the allegations of the defense can be pleaded as a counterclaim against the plaintiff along with the Iron Fireman of New York, Inc., and the Iron Fireman Automatic Stoker Corporation sought to be impleaded. There is no allegation in this defense that the plaintiff was the assignee of the contract of sale or had assumed in any way the obligations of the seller of the coal burners, the Iron Fireman Stoker Corporation. Section 271 of the Civil Practice Act, under which the counterclaim in question is sought to be upheld, applies solely to the situation where a counterclaim raises questions between the defendant and the plaintiff

along with other persons. There is nothing in common with respect to the alleged counterclaim, so far as the facts pleaded show, between the plaintiff here and the Iron Fireman of New York, Inc., and its predecessor, the Iron Fireman Automatic Stoker Corporation. The defendant may have a counterclaim against the last-mentioned parties for breach of warranty, but there is nothing to show that this counterclaim is also valid against the plaintiff.

The cases construing section 271 of the Civil Practice Act are unanimous in holding that to invoke the section a defendant must state facts which show that it has a valid counterclaim against the plaintiff in the action as well as against the defendant sought to be brought in. (*Williams* v. *Tompkins, Inc.*, 208 App. Div. 574; *Kelvin Engineering Co.* v. *Knott*, 212 id. 413; *Youngman* v. *New York Indemnity Co.*, 120 Misc. 687; *Citizens Trust Co. of Utica* v. *Zoller*, 121 id. 451; *Zauderer* v. *Market Street Long Beach Realty Corporation*, 128 id. 364; affd., 221 App. Div. 760.) The defendant sought to be impleaded has the right to move to strike out the counterclaim as improperly attempting to bring in the moving party. (*Williams* v. *Tompkins, Inc.*, *supra; Kelvin Engineering Co.* v. *Knott, supra.*)

For the reasons stated, the third separate defense, also pleaded as a counterclaim, is striken from the answer, with leave to the defendant to serve an amended answer in six days after the service of an order to be entered herein, with notice of entry thereof, and on payment of ten dollars costs. Order filed.