SHERMAN WARREN, Respondent, v. FRITZ MAY, Appellant, Impleaded with FREDERICK SELLECK and Another, Respondents.— The defendants Selleck were brought in as defendants in this negligence action by the service upon them of the answer of defendant May, setting up a counterclaim against the plaintiff and the Sellecks under the provisions of section 271 of the Civil Practice Act. They had not been made parties by the plaintiff, although it may be that they were concurrently negligent in the accident that occurred. Defendants Selleck made a motion to strike out their names as alleged parties, to strike out the allegations contained in the counterclaim in relation to them, to dismiss the counterclaim set forth in the answer and to eliminate them as parties to the action. The motion was granted. Order affirmed, with ten dollars costs and disbursements; defendant May's amended answer to be served within ten days from the entry of the order herein. These defendants could be made parties as a matter of discretion by bringing a separate action against them and moving for consolidation under section 96 of the Civil Practice Act, or by a motion to bring them in as additional defendants under section 193, subdivision 2, although such discretion will not ordinarily be exercised. (Fox v. Western New York Motor Lines, Inc., 257 N. Y. 305; Greenhouse v. Rochester Taxicab Co., 218 App. Div. 224.) The defendant may not, as a matter of right, bring in parties where such action is permitted only as a matter of discretion. Section 271 of the Civil Practice Act is primarily intended to permit a joinder of parties defendant only in contract actions where there is joint liability or in some tort cases where the liability arises in the same acts of fraud or conspiracy, or under other circumstances where the proof against one defendant will be the same as against another. (Woods, Inc., v. Althauser, 212 App. Div. 618; Galloway v. Wolfe, 232 id. 163.) It was not intended to be operative where the liability is joint and several and different proof will be required in establishing the cause of action against the parties brought in. Lazansky, P. J., Young, Carswell, Davis and Johnston, JJ., concur.

WINCENTY YUSHA, Respondent, v. LOUIS L. BERKO, Appellant.— Order referring the subject-matter involved to an official referee to hear and to report with his opinion affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Young, Carswell, Davis and Johnston, JJ., concur.