ELLEN H. HUMPHREY, Plaintiff, *v.* CONROY MOTOR CORPORATION, Defendant.

Supreme Court, Onondaga County, February 8, 1937.

*Clarence Unckless*, for the plaintiff.

*Busch & Garvey*, for the defendant.

*Cregg, Brazell & Del Vecchio* [*Donald H. Mead* of counsel], for the Universal Credit Company.

ZOLLER, J. This is a motion made in behalf of the Universal Credit Company to dismiss a counterclaim against it, alleged and

set forth in the answer of the defendant, on the ground that said alleged counterclaim is not one which may be properly interposed in this action under section 271 of the Civil Practice Act.

Briefly stated, the facts are as follows: The plaintiff purchased in August, 1936, a Ford coupe of H. H. Saulsbury & Sons, a Ford agency at Tully, N. Y. The agency was a partnership carried on by Mr. Saulsbury and his sons. This agency did not have on hand the particular type and model of car which plaintiff desired. Accordingly, Mr. Saulsbury went to the office of the defendant in the town of Java, in Erie county, and there obtained the type and model of Ford car which his customer, the plaintiff herein, desired. He gave to the defendant in payment a partnership check, drawn on the First National Bank of Tully, and drove the Ford coupe to Tully and delivered it on or about August 17, 1936, to the plaintiff, upon receiving as a first down payment the sum of $217.11. A conditional sale contract was entered into between the plaintiff and the partnership agency for the payment of the balance of $490 in nineteen monthly installments of $25 each and one final installment of $15. This conditional sale contract was sold, assigned and transferred to the Universal Credit Company for a valid consideration, and the credit company is the present holder and owner of said contract.

After these various transactions had been carried out, Mr. Saulsbury died and the partnership check which he had given to the defendant in payment of the Ford coupe was dishonored by the bank and payment was refused. Thereupon the defendant, claiming title to the coupe, obtained possession from the plaintiff and took it back to its place of business. Plaintiff then commenced this replevin action against this defendant for the recovery of possession of said automobile and for damages, and it was duly replevied by the sheriff and it is now in plaintiff's possession. There is no dispute as to these facts.

In the counterclaim against the Universal Credit Company, as contained in its said answer, the defendant alleges in substance the assignment of all interest in said conditional sale contract by H. H. Saulsbury & Sons to the Universal Credit Company, and that a copy of it has been filed, and that said credit company claims to be the owner and holder thereof. The defendant further alleges as part of its separate and several cause of action against the Universal Credit Company and by way of counterclaim that neither the plaintiff, said Ford agency, nor said Universal Credit Company ever had any title to the Ford coupe in question at any time and that the defendant has been " the sole owner thereof since its purchase from the Ford Motor Company;" that defendant

has demanded that the said Universal Credit Company cancel of record said conditional sale contract, as it has no validity whatever and was given and assigned without any consideration. In its prayer for judgment against said credit company, the defendant demands that said conditional sale contract be canceled of record and that it have costs and disbursements of this action against both the plaintiff and said Universal Credit Company.

Section 271 of the Civil Practice Act provides as follows: " New parties set up in counterclaim. Where a defendant sets up any counterclaim which raises questions between himself and the plaintiff along with any other persons, he shall set forth the names of all the persons, who, if such counterclaim were to be enforced by cross action, would be defendants to such cross action. Where any such person is not a party to the action he shall be summoned to appear by being served with a copy of the answer. A person not a party to the action who is so served with an answer becomes a defendant in the action as if he had been served with the summons. Any such person named in an answer as a party to a counterclaim may reply thereto within the time within which a defendant might serve an answer to a complaint, or he may serve a notice of appearance on the party interposing the counterclaim."

In the case of *Walker* v. *Man* (142 Misc. 293, at p. 294) the court, after referring to said section 271 and quoting a portion thereof, said:

" Patently, however, the parties sought to be impleaded may not be brought in unless the proposed counterclaim is against the plaintiff *along with* such new party. The new procedure, of course, was designed to eliminate and prevent circuity of action. Multiplicity of suits is sought to be avoided. It is desirable that all controversies be determined in one action, if that can be done without prejudice to the rights of a litigant.

" It was never intended, however, that in a suit between A and B, B might set up a counterclaim against C with which A has no connection. Such counterclaim may be asserted only if it raises questions between B and A *along with C.*"

In the leading case of *Williams* v. *Tompkins, Inc.* (208 App. Div. 574), Mr. Justice MERRELL, writing for the court, said (at p. 578): " I do not think that the defendant in its second counterclaim alleges any facts which raise questions between the defendant and the plaintiff *along with* the persons sought to be brought in as parties defendant. Under the allegations of the counterclaim, * * * there arises no claim on the part of the defendant against the plaintiff. How then can it be said that the counterclaim raises questions between the defendant and the plaintiff along with said other persons sought to be brought in? The basis of a counter-

claim is a cause of action on the part of a defendant against a plaintiff. No facts are alleged in the answer showing any claim on the part of the defendant against the plaintiff."

As already stated, plaintiff's action against the Conroy Motor Corporation, the defendant herein, is one in replevin and the sole issue is the question of title to the Ford coupe. In its answer defendant admits certain allegations of the complaint and denies generally all others. It also alleges " a second, separate and several defense and in counterclaim," and as part of its defense the ninth paragraph or provision is, " That from the time the Ford Motor Company, the manufacturer of the automobile in question, parted with the title thereto, this defendant has been the sole and absolute owner of the automobile in question." Although this second defense is designated " in counterclaim," I do not believe there is any basis therein contained for a cause of action on the part of the defendant against the plaintiff. All that the defendant needs to establish upon the trial in order to defeat plaintiff's cause of action against it is that plaintiff never had title to the automobile in question. A counterclaim must be a cause of action. (Civ. Prac. Act, § 266.)

The counterclaim set forth in defendant's answer whereby it seeks to bring in as a party defendant the Universal Credit Company is designated " a separate and several cause of action against the defendant Universal Credit Corporation and by way of counterclaim," and it is alleged again in the fourteenth paragraph or provision thereof, " that neither plaintiff, H. H. Saulsbury & Sons, nor the defendant Universal Credit Corporation ever had any title to the automobile in question either at the time of the execution of said purported conditional sale contract or at any time thereafter up to and including the date hereof, and that this defendant has been the sole owner thereof since its purchase from the Ford Motor Company."

Again, it seems to me that these allegations do not constitute a cause of action on the part of this defendant against this plaintiff or the said Universal Credit Company. As stated by the court in *Warren* v. *May* (243 App. Div. 620): " Section 271 of the Civil Practice Act is primarily intended to permit a joinder of parties defendant only in contract actions where there is a joint liability or in some tort cases where the liability arises in the same acts of fraud or conspiracy, or under other circumstances where the proof against one defendant will be the same as against another. (*Woods, Inc.*, v. *Althauser*, 212 App. Div. 618; *Galloway* v. *Wolfe*, 232 id. 163.) It was not intended to be operative where the liability

is joint and several and different proof will be required in establishing the cause of action against the parties brought in."

The case of *Warren* v. *May* (*supra*) was cited by counsel for the defendant as authority for said defendant's contention that this motion should be denied. It seems to me that the facts of that case are entirely different from those here and that what the court says regarding section 271 as hereinbefore quoted is not favorable to said defendant's contention.

My conclusion is that the allegations contained in defendant's answer which are alleged by way of counterclaim do not in fact constitute a cause of action on the part of the defendant against the plaintiff, such allegations being alleged both as a second, separate and several defense and as a separate and several cause of action against the defendant Universal Credit Company. It follows, therefore, that the defendant has failed to allege any facts which constitute a counterclaim by which questions are raised between the defendant and the plaintiff *along with* the Universal Credit Company. As stated by the court in *Youngman* v. *New York Indemnity Co.* (120 Misc. 687, at p. 689), in connection with section 271 of the Civil Practice Act: " The evident purpose of this section was to cover cases where, for example, a defendant is sued upon a several liability and he has a counterclaim against the plaintiff and another person or persons who are jointly indebted to him on such counterclaim. Many other cases also might properly come within the provisions of that section, but it is unnecessary to attempt to indicate its scope. The court will liberally construe the provisions of the Civil Practice Act in order to carry out its remedial purpose, but that does not justify any court in taking liberties with the plain language of the statute, or in construing its language to mean something entirely different from its clear and obvious meaning."

Motion of Universal Credit Company is granted, with ten dollars costs. (*Warren* v. *May*, 243 App. Div. 620; *Kelvin Engineering Co. Inc.*, v. *Knott*, 212 id. 413; *Williams* v. *Tompkins, supra; Walker* v. *Man, supra; Federal Credit Bureau, Inc.*, v. *Narice Holding Corp.*, 136 Misc. 37.)

An order may be submitted accordingly.