MORTGAGE COMMISSION OF THE STATE OF NEW YORK and Another, Plaintiffs, *v.* MILTON C. HILL and Others, Defendants.

Supreme Court, Nassau County, January 26, 1938.

*Maurice Finkelstein,* for the plaintiffs.

*Gerber & Densen,* for the defendant Milton C. Hill.

*Benedict S. Rosenfeld,* for the defendant Marjorie L. Hill.

STODDART, J.   An action is brought herein to foreclose a mortgage on a one-family dwelling for default in the payment of interest and taxes.   The answer of the defendant Milton C. Hill alleges a

counterclaim against the defendant Majorie L. Hill, substantially as follows: That the said defendants became the owners of the premises in question as tenants by the entirety on or about April 30, 1929, at which time they were husband and wife; that on September 5, 1934, they were divorced, and that by reason of said divorce they became owners of the property as tenants in common; that from September 5, 1934, to the present time the defendant Marjorie L. Hill has occupied the said premises and Milton C. Hill has not occupied the same; that in August, 1936, Marjorie L. Hill married one John C. Allgeier; that from the date of the aforementioned divorce to the date of the later marriage of Marjorie L. Hill the said John C. Allgeier and one Isabelle Walcot occupied part of the premises; that said occupants paid, or should have paid, rents to Marjorie L. Hill; that it was the duty of Marjorie L. Hill, as a tenant in common, to enforce said collection of rents; that with the said proceeds Marjorie L. Hill could have or should have paid to the plaintiff in this action the amount of the arrears in taxes, interest and other charges, in default of which this action was brought; that after the payment of said arrears there is or should be a balance in her hands, which balance is the property of the answering defendant; that Marjorie L. Hill has failed and neglected to enforce the collection of said rentals for the purpose of applying the said moneys in payment of the arrears, or, if she collected the same, she has failed to pay the arrears for which this action is brought.

The defendant Milton C. Hill asks for the following relief: (1) That there be an accounting between the defendants Milton C. Hill and his former wife, the defendant Marjorie L. Hill; (2) that, upon the completion of the said accounting, the defendant Marjorie L. Hill be decreed to pay over to the plaintiffs out of moneys she received or should have received as rentals by reason of the aforementioned occupancy sufficient sums to pay the arrears and charges which formed the basis of the present action to foreclose the premises; (3) that she pay to the defendant Milton C. Hill the balance found due him after the payment of all such arrears; and (4) that the plaintiffs be stayed from taking any further action until such accounting shall have been completed.

The plaintiffs by their present motion seek to have the answer of Milton C. Hill stricken out, the counterclaim set up in his answer dismissed as to the plaintiffs, and for summary judgment. The answer should be stricken out, as it presents no triable issue. It, therefore, becomes necessary to determine whether the counterclaim interposed, which seeks an accounting between the two defendants, shall defeat plaintiffs' motion. The counterclaim

clearly raises no issues as between plaintiffs and defendants. It is not a counterclaim as defined in section 266 of the Civil Practice Act (Laws of 1936, chap. 324). Under section 271 of the Civil Practice Act, which provides in part as follows: " Where a defendant sets up any counterclaim which raises questions between himself and the plaintiff along with any other persons," it has been consistently held that to invoke this section a defendant must state facts which show that it has a valid counterclaim against the plaintiff in the action as well as against the defendant sought to be brought in. (*Williams* v. *Tompkins, Inc.*, 208 App. Div. 574; *Kelvin Engineering Co., Inc.*, v. *Knott*, 212 id. 413; *Federal Credit Bureau, Inc.*, v. *Narice Holding Corp.*, 136 Misc. 37.) Furthermore, the controversy between the defendants should not delay the judgment to which plaintiffs are entitled. Assuming that the answering defendant is successful in his counterclaim, there is no guaranty that there will be sufficient moneys collected to pay all arrears or that the defendant Marjorie L. Hill would comply with the order or judgment entered on the cause of action set up in the counterclaim. While awaiting a disposition of the counterclaim no receiver may be appointed for the property. (*Holmes* v. *Gravenhorst*, 263 N. Y. 148.) The defendant admits that the relief he seeks is unusual, but contends that by granting such relief equity and justice will be served. With this contention this court disagrees. Motion is granted.