PATSY TAURO, Plaintiff, *v.* QUEENS-NASSAU TRANSIT LINES, INC.. Defendant.

Supreme Court, Special Term, Kings County, July 1, 1938.

*Nathaniel Greenbaum*, for the plaintiff.

*Mumma, Crane, Costabell & Cloutman*, for the defendant. .

Nova, J. The complaint alleges that plaintiff, while a passenger in a Ford automobile on April 22, 1938, was injured in a collision between the automobile and a bus owned and operated by the defendant transit company. The complaint names only the transit company as a party defendant. The latter, however, has included in its answer two so-called counterclaims. By virtue of these counterclaims it is sought to charge responsibility for the collision to the driver of the Ford automobile, one Giusseppe Piarulli, and to the owner thereof, one Dora Portincasa. The plaintiff is not mentioned in any way in the counterclaims and no affirmative relief is sought against the said Piarulli and the said Portincasa. The counterclaims do demand, however, that the complaint be dismissed.

Plaintiff moves herein to dismiss the counterclaims.

Defendant contends, although erroneously, that since it might have brought an application to implead the said Piarulli and Portincasa, pursuant to the provisions of section 193, subdivision 2, of the Civil Practice Act, it may avoid the necessity of making such application by interposing a counterclaim in which the above persons are named as parties defendant. The difficulty with the defendant's contention is that it violates the principle enunciated in *Fox* v. *Western New York Motor Lines, Inc.* (257 N. Y. 305). That case holds that a defendant who is sued in negligence may not bring in as an additional party defendant even a joint tort feasor. The prohibition there expressed applies with equal cogency herein.

Section 266 of the Civil Practice Act provides that a counterclaim may be interposed where it is directed against the plaintiff and another person or persons alleged to be liable. The so-called counterclaims which defendant seeks here to plead, although directed against other persons, are fatally faulty in that they in no wise assert a right as against the plaintiff. Further, section 266 must be construed together with section 271 of the Civil Practice Act. That section permits a defendant to name " other persons " as defendants in his counterclaim if in fact there is thus raised some claim depending upon a joint liability against the plaintiff together with such " other persons." (See, also, *Warren* v. *May*, 243 App. Div. 620.)

The motion is, therefore, granted.