MINNA L. BLACK, Respondent, v. RICHARD W. BLACK, Appellant.— In an action for separation upon the ground of abandonment, judgment in favor of plaintiff unanimously affirmed, with costs. No opinion. Present — Hagarty, Acting P. J., Carswell, Johnston, Aldrich and Nolan, JJ.

BOWERY SAVINGS BANK, Plaintiff, v. FRANK A. CARUCCI, Defendant.— Submission of a controversy on an agreed statement of facts, pursuant to sections 546–548 of the Civil Practice Act. Judgment is unanimously directed for the plaintiff, without costs, as provided in paragraph 16 of the submission. It is our opinion that section 1079 of the Civil Practice Act is valid and constitutional, as applied to the facts in this case, and that plaintiff is, therefore, entitled to judgment, pursuant to the provisions of paragraphs 13 and 16 of the submission. Present — Hagarty, Acting P. J., Carswell, Johnston, Adel and Nolan, JJ.

MARGARET E. CAREY et al., Respondents, v. DAVID M. STERN, Appellant.— Defendant appeals from an order denying his motion for leave to implead additional defendants and for a jury trial of the issues of fact. Order modified on the law and the facts by granting the motion to the extent of authorizing defendant to implead the additional defendants, and, as so modified, the order is affirmed, without costs. In our opinion, the motion to bring in the proposed new parties should have been granted, particularly in view of the fact that they could have been made parties under section 271 of the Civil Practice Act. (*Warren* v. *May*, 243 App. Div. 620.) Lewis, P. J., Hagarty, Johnston, Adel and Nolan, JJ., concur.

CITY OF YONKERS, Plaintiff, v. MAYFORD CONSTRUCTION CO., INC., et al., Defendants. HAROLD T. GARRITY, Appellant; MAYFORD CONSTRUCTION CO., INC., et al., Respondents.— Appeal by a purchaser at a sale, pursuant to judgment in an action to foreclose tax liens, from an order setting aside the sale and directing the return of deposits paid to the referee to sell. Order affirmed, with one bill of $10 costs and disbursements to respondents. The motion to vacate the sale was addressed to the discretion vested in the Special Term and, under the circumstances disclosed, there was no abuse of such discretion. We express no opinion, however, as to whether or not the tax liens under foreclosure had been cancelled at the time of the sale. That question is not before us on this appeal, since the order appealed from does not adjudicate the question, and affects nothing more than the setting aside of the sale of the property described in the judgment. The power to cancel a transfer of tax liens is vested in the comptroller, who may effect such cancellation with the approval of the Common Council. Whether or not the comptroller had exercised such power may be determined, if the parties to the action shall be so advised, in proceedings pursuant to, or with respect to the judgment, which remains unaffected by the order appealed from. Lewis, P. J., Hagarty, Johnston, Adel and Nolan, JJ., concur.