GEORGE W. WOODS, INC., Plaintiff, *v.* SELMA ALTHAUSER, Appellant, Impleaded under Section 271 of the Civil Practice Act with BLOOMINGDALE BROS., INC., Defendant, and COMMONWEALTH ENGINEERING CORPORATION, Respondent.

First Department, May 1, 1925.

Liens — mechanic's lien — action to foreclose lien for agreed price for shoring up walls of house,— answer by defendant owner contains counterclaim alleging that plaintiff and two defendants brought in on counterclaim entered into conspiracy — answer alleges that said parties conspired to induce owner to enter into contract with plaintiff for shoring up walls by fraudulently representing that excavation would not be more than ten feet — excavation extended more than ten feet — motion to strike out allegations in counterclaim as to damage to property denied — additional defendants properly brought in under Civil Practice Act, § 271.

In an action to foreclose a mechanic's lien for the agreed price for shoring up the walls of a house wherein the defendant owner interposed a counterclaim, in which it was alleged that the plaintiff and the two defendants brought in on the counterclaim entered into a conspiracy to induce the owner to make the contract by fraudulent representations that the excavation would not go below ten feet, and that after the contract had been made, the excavation was carried down more than ten feet, a motion by one of the defendants brought in on the counterclaim to strike out certain allegations therein concerning damage to the property of the owner, which was made upon the ground that there was no charge of negligence against the plaintiff in the performance of the work,

should have been denied, since the theory of the owner's claim is that there was a conspiracy by which the owner was induced to agree to pay for the shoring up of the walls, when, as a matter of fact, the excavation was carried down more than ten feet, which imposed a duty on the party making the excavation to pay for the shoring.

Since the owner may be able to show that the damage to the property occurred because of delay in performing the work of shoring up the walls, due to the alleged wrongful acts of the conspirators while they were scheming to save the expense of shoring up the walls, and to cast it upon the owner, those allegations should not have been stricken out. Furthermore, since the allegations as to damages are based on the alleged wrongful acts by the plaintiff and the other defendants, the denial of those acts carries with it the denial of the damage caused thereby, and hence the defendant making the motion was not prejudiced even to the extent of having to admit the existence of the facts by a denial of having any knowledge or information sufficient to form a belief, for he may deny the allegations *in toto* if the wrongful conspiracy complained of is, in fact, untrue.

The two defendants brought in on the counterclaim were properly brought in under section 271 of the Civil Practice Act.

APPEAL by the defendant, Selma Althauser, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 22d day of January, 1925, granting the motion of the defendant Commonwealth Engineering Corporation, made pursuant to section 271 of the Civil Practice Act and rule 103 of the Rules of Civil Practice, striking out part of the allegations of paragraph 34 of the answer of said Selma Althauser as irrelevant, unnecessary and impertinent.

*Klein, Kinsley, Klein & Wille* [*Peter Klein* of counsel], for the appellant.

*Glueck & DeGroot* [*Edmund Glueck* of counsel; *Mortimer DeGroot* with him on the brief], for the respondent.

FINCH, J.:

The defendant, appellant, Selma Althauser, is the owner of premises No. 408 East Fifty-fourth street, New York city. This action is brought to foreclose a mechanic's lien against said premises for the agreed price of shoring up a wall, made necessary by an excavation upon the adjoining land of the defendant Bloomingdale Bros., Inc. As a counterclaim the defendant, appellant, alleges that in order to induce her to enter into a contract with the plaintiff to shore up the wall of her premises and thus cast upon her the expense thereof, the plaintiff and the two other defendants conspired together to pretend that the excavating on the adjoining premises would not go below ten feet; that after she had made the contract with the plaintiff, the plans for the excavating were changed and the excavating carried down more than ten feet. Under the Code of Ordinances of the City of New York (Chap. 5,

§ 230, subd. 3), which is also known as subdivision 3 of section 230 of the Building Code of the City of New York, it becomes the duty of the adjoining owner to safeguard and shore up at his expense the property of his neighbor in the event the excavation goes below ten feet. (See Cosby's Code of Ordinances [Anno. 1925], p. 89.) The defendant, appellant, joined as parties the two other defendants in order that she might assert her counterclaim as against them in addition to asserting the same against the plaintiff.

The counterclaim alleges, in part, as follows: " That by reason of the aforesaid the defendant Selma Althauser has been put to great damage; also her cellar and cellar floor and the sheds in the cellar have been destroyed; the lintels and sills of the said house have been cracked, broken and damaged; her house has been caused to settle and is still settling, damaging and destroying the ceilings and walls; the roof was destroyed; the soil of the yard of the house together with the paving thereof was caused to fall into the excavation; she was compelled to engage and did engage and pay an architect, and she was compelled to engage and did engage and pay an attorney."

On motion of the defendant Commonwealth Engineering Corporation the Special Term struck out all of the allegations of damage to the property, upon the ground that there was no charge of negligence against said plaintiff in the performance of the work.

The theory of the appellant's claim, however, is that there was a conspiracy, as a result of which the appellant was induced by a fraudulent trick to agree to the expense and made to suffer the damage complained of. It was the duty of the owner of the adjoining premises to protect the appellant's premises if the excavation exceeded ten feet. The counterclaim alleges that " Blomingdale Bros., Inc. and Commonwealth Engineering Corporation and the plaintiff George W. Woods, Inc., refused to make safe the said building. That the said building stood in such unsafe condition from the time of the excavating and prior to May 26, 1924, to July 1924 * * *. That the defendant Selma Althauser at all times protested against such action and insisted that the work shall be done by the defendants. * * *."

It may be that the appellant can show that the damage occurred because of delay in performing the work of shoring up the wall of her premises, due to the alleged wrongful acts of the conspirators while they were hatching their scheme to save the expense of shoring up the wall of the premises of the defendant Althauser and cast it instead upon said defendant. Whether the appellant can recover the aforesaid items of damage depends upon the proof at the trial. Moreover, the allegations sought to be stricken out merely allege

damage caused by the wrongful acts theretofore alleged in the pleadings, so that a denial of these acts carries with it a denial of the damage caused thereby. Hence, the respondent is not prejudiced even to the extent of having to admit the existence of the facts by a denial of having any knowledge or information sufficient to form a belief, but may deny the allegations *in toto* if the wrongful conspiracy complained of is in fact untrue. To strike out these allegations, however, may seriously prejudice the appellant. As was said in *Indelli* v. *Lesster* (130 App. Div. 548, 550): " Motions to strike out portions of a pleading as irrelevant or redundant are not favored and will be denied unless the court can clearly see that the allegations sought to be stricken out have no possible bearing on the subject matter of the litigation * * * and [the motion will be] denied unless it is apparent that the adverse party will not be harmed."

Although not within the questions raised by this motion, nevertheless, the defendant, respondent, contends that it may not be joined as a defendant in the action under the Civil Practice Act. It would be difficult to find a case which would seem to fit so exactly the words of section 271 of said act permitting such joinder. Said section provides:

" § 271. New parties set up in counterclaim. Where a defendant sets up any counterclaim which raises questions between himself and the plaintiff along with any other persons, he shall set forth the names of all the persons who, if such counterclaim were to be enforced by cross action, would be defendants to such cross action. Where any such person is not a party to the action he shall be summoned to appear by being served with a copy of the answer. A person not a party to the action who is so served with an answer becomes a defendant in the action as if he had been served with the summons."

The allegation of the complaint as already noted alleges these damages as due " by reason of the aforesaid," which includes the setting forth of the conspiracy and alleges the defendant, respondent, as one of the three conspirators, thus making it responsible for the acts of all.

It follows that the order appealed from should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs to appellant Selma Althauser against the respondent Commonwealth Engineering Corporation.

CLARKE, P. J., DOWLING, McAVOY and MARTIN, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.