## JEFFREY–NICHOLS MOTOR CO. v. HUPP MOTOR CAR CORPORATION.

### No. 2496.

Circuit Court of Appeals, First Circuit.

Feb. 11, 1931.

624

Edward C. Park, of Boston, Mass. (Lothrop Withington, of Boston, Mass., on the brief), for appellant.

Albert A. Schaefer, of Boston, Mass. (Alexander B. Siegel, of New York City, Ropes, Gray, Boyden & Perkins, of Boston, Mass., and Van Vorst, Siegel & Smith, of New York City, on the brief), for appellee.

Before BINGHAM, ANDERSON, and WILSON, Circuit Judges.

WILSON, Circuit Judge.

This is an action under the federal anti-trust laws to recover damages alleged to have been suffered by the plaintiff and appellant through acts of the defendant tending to lessen competition in the automobile business and in restraint of trade.

The plaintiff is a Massachusetts corporation, and the defendant is a Virginia corporation, licensed to do business and having its principal place of business in Detroit, Mich.

The plaintiff brought its action in the district of Massachusetts and served a summons on the defendant in the Eastern district of Michigan.

The defendant appeared by counsel for the sole purpose of objecting to the jurisdiction, and filed a motion to dismiss the action on the ground that the defendant was not a resident nor did it transact business in Massachusetts. The plaintiff contended below that an issue of fact was thereby presented which should be heard on oral testimony and before a jury. The District Court, however, heard the motion on affidavits and ruled that the defendant was not transacting business within the meaning of section 12 of the Clayton Act, and section 22, 15 USCA, and dismissed the action. 41 F.(2d) 767. The case is here on appeal from this decision.

It is unnecessary to consider the first contention of the plaintiff, as upon the affidavits presented we think the defendant was transacting business in Massachusetts within the meaning of section 12 of the Clayton Act, and therefore venue was properly laid in the district of Massachusetts.

Prior to the enactment of October 15, 1914, c. 323, § 12; 38 Stat. 736 (15 USCA § 22), a person or corporation violating the anti-trust laws could only be sued in the district where resident, or where found. The provision of section 12 of the Clayton Act relieved "the injured person from the necessity of resorting for the redress of wrongs committed by a nonresident corporation, to a district, however distant, in which it resides or may be 'found'—often an insuperable obstacle—and enabling him to institute the suit in a district, frequently that of his own residence, in which the corporation in fact transacts business, and bring it before the court by the service of process in a district in which it resides or may be 'found.'" Eastman Co. v. Southern Photo Co., 273 U. S. 359, 373, 374, 47 S. Ct. 400, 403, 71 L. Ed. 684; Gen. Inv. Co. v. Lake Shore Rwy., 260 U. S. 261, 279, 43 S. Ct. 106, 67 L. Ed. 244.

"A corporation is engaged in transacting business in a district, within the meaning of this section [section 12], in such sense as to establish the venue of a suit—although not present by agents carrying on business of such character and in such manner that it is 'found' therein and is amenable to local process—if in fact, in the ordinary and usual sense, it 'transacts business' therein of any substantial character." Eastman Co. v. Southern Photo Co., supra.

Under the rule laid down in the Eastman Co. Case, while a single transaction of business may not be sufficient to establish a venue in a district, it does not require the maintenance of an office or place of business or the presence of agents soliciting or taking orders. If a foreign manufacturing corporation has a well-defined plan of promoting the sale of its products among the several states, which involves contracts with so-called distributors located in each state over whose business it retains a general oversight and control under its contract, which distributor must appoint as many dealers in the cities and towns located in the territory allotted to it as the manufacturer deems necessary, and at regular intervals it sends into a state a district manager, so called, whose duty it is to check up on the business done by a distributor and his dealers, and report thereon, to promote the sale of the manufacturer's products by demonstration, salesmanship talks, advice, the settling of disputes between distributors and dealers, or dealers and customers, and in addition the manufacturer issues with each unit of its product sold or authorizes its distributor or a local dealer to issue a warranty against defective parts and inferior workmanship, we think it is clearly transacting business within the meaning of section 12 of the Clayton Act (15 USCA § 22) sufficient to establish a venue in a district where such acts are done.

The defendant is a manufacturer of automobiles. Its business includes not only the manufacture, but the disposal, of its product. It, with other well-known manufacturers of automobiles, has adopted the plan for the sale of its product of entering into contracts with so-called distributors at different points in the country, and a contract is drawn in terms to avoid, if possible, the obligations of principal and agent. Competition in this line of trade, however, is so keen that it requires what is termed in modern business "high-pressure salesmanship." The disposal of its products not only requires reliable distributors and dealers, but frequent oversight and contact with their work, as well as advice and assistance from the home or manufacturer's office and its designers, engineers, and sales managers.

The defendant sent a district manager into Massachusetts who spent four or five days with its distributor each month consulting with the salesmen and department heads of the distributing company, in many instances visiting dealers and giving such aid and advice as he deemed necessary in promoting the selling end of the defendant's business. The mere fact that no district manager happened to be in Massachusetts during the month of April, 1929, does not take the defendant out from under this statute. It had not changed its policy or method of promoting sales in Massachusetts. It is not denied by the defendant that with the sale of each car a distributor or dealer in Massachusetts is authorized to issue a warranty binding on the defendant against defective materials and inferior workmanship.

The performance of these services in Massachusetts and the issuing of a warranty with each car sold, and all a part of a well-defined plan to promote the sale of the defendant's products in that state, are certainly transacting business and in a substantial manner. The affidavits disclose that one of its district managers at times assisted dealers in the disposal of cars, though he took no orders himself. It also reserved the right under certain circumstances to sell cars and parts, though there is no evidence that it did so. The sale of goods is not essential to constitute transacting business. All the steps leading up to or in promoting sales may constitute the transaction of business. It maintains a force of district managers and a sales manager for just this purpose.

It was held in La Porte Heinekamp Motor Co. v. Ford Motor Co. (D. C.) 24 F.(2d) 861, that a manufacturer of automobiles under a similar contract with a distributor, and using similar methods, was doing business in a district even to an extent to warrant local service on the manufacturer. It is not necessary to go that far in this case.

The judgment of the District Court is reversed, with costs, and the case is remanded to that court for trial.