## KATZ DRUG CO. v. W. A. SHEAFFER PEN CO.

### No. 1749.

District Court, W. D. Missouri, W. D.

Sept. 23, 1932.

See, also, 6 F. Supp. 212.

Ryland, Stinson, Mag & Thomson, of Kansas City, Mo., for plaintiff.

Lathrop, Crane, Reynolds, Sawyer & Mersereau, of Kansas City, Mo., and E. H. Pollard, of Fort Madison, Iowa, for defendant.

REEVES, District Judge.

Heretofore plaintiff filed its bill in equity to enjoin the defendant from fixing a retail or resale price of certain articles mentioned by it and particularly an article described as "Sheaffer Lifetime Fountain Pen," and also to enjoin the defendant from prosecuting an action styled "W. A. Sheaffer Pen Company, Plaintiff, v. Katz Drug Company, Defendant, Equity No. 45070; In the District Court of the State of Iowa, in and for Polk County."

It appears from plaintiff's bill that it is engaged in the operation of drug stores in Kansas City, Mo., Kansas City, Kan., St. Joseph, Mo., and Des Moines, Iowa, and that in addition to the usual business of druggists it sells fountain pens, pencils, desk sets, et cetera.

Plaintiff advertises and has advertised the sale of such articles at "cut prices." It further alleges that it has acquired quantities of the article designated as "Sheaffer Lifetime Fountain Pen," and that it has endeavored to

sell such articles at what it terms "cut prices." It avers that the defendant is engaged in the manufacture of such article at Fort Madison, Iowa, and is and was extensively engaged in selling such article to its various customers and dealers throughout the United States and that such sales were "outright sales."

Plaintiff complains that by sundry means the defendant maintains a control over the resale price of its article and thus and thereby creates "a virtual monopoly therein," and by such means, as it is alleged, unduly and unlawfully restrains "the free exercise of the right to trade in such products, and unlawfully and unduly restrain(s) competition, all in violation of the Clayton Act and of the Sherman Anti-Trust Law of the United States." This, it is alleged, is done notwithstanding the fact that the defendant transfers full title to its customers on the sale of its article.

It is further alleged that said article, by reason of extensive advertising, has become and is widely and well known as a valuable and useful article, and that said article not only has a good reputation, but there is an extensive demand and market for said article in the retail trade. It is complained by plaintiff that the defendant by unlawful practice has "sought to embarrass and hinder the plaintiff and such other dealers in the lawful prosecution of their businesses" with respect to the sale of said article.

Although the defendant has refused to sell its article to plaintiff, yet it is alleged that plaintiff has acquired from others quantities of such articles and has offered such articles for sale. It is particularly averred that in December, 1930, plaintiff had acquired and was seeking to sell at cut prices said article, whereupon on December 20, 1930, a suit was filed against plaintiff, as above stated, whereby it was sought to restrain plaintiff from selling said article at its place of business in Des Moines, Iowa, on the ground that such article, namely, "Sheaffer Lifetime Fountain Pen," had been "altered, mutilated or damaged."

Plaintiff was enjoined from selling said article. It alleges that the only damage, mutilation, or alteration had consisted in the removal of serial numbers from said articles and that this had been done, or forced by reason of the unlawful practice of the defendant and for the sole purpose of escaping the penalties exacted and threatened by the defendant to "those of its dealers who permitted its pens to be resold to other dealers, or to those (such as plaintiff) who would not maintain the defendant's fixed retail prices."

While plaintiff alleges that it has set up in its defense in the Iowa court the same matters here alleged in the way of affirmative relief, yet it says that it cannot there obtain the extensive and complete relief afforded in this court of equity. Accordingly, it seeks to enjoin the prosecution of that action pending a determination in this court as to whether it is entitled to an injunction against the defendant from any interference with the resale of the article mentioned by the defendant as above stated.

When the suit was filed plaintiff caused subpœnas in chancery to be issued and one was served at Kansas City, Mo., within the division and district where the suit was filed upon a salesman of the defendant and another subpœna was served upon an officer of the defendant at its place of business in Fort Madison, Iowa. This service was under the provisions of section 22, title 15, United States Code (15 USCA § 22), as follows: "Any suit, action, or proceeding under the antitrust laws against a corporation may be brought not only in the judicial district whereof it is an inhabitant, but also in any district wherein it may be found or transacts business; and all process in such cases may be served in the district of which it is an inhabitant, or wherever it may be found."

The defendant has moved to quash the service in both cases and particularly the service upon its salesman at Kansas City.

 1. This is a venue statute which enables a complainant to file his suit in any district wherein the defendant may be found or where it "transacts business." Upon the theory that it was transacting business within the district, this suit was filed. The evidence tended to show that the defendant had a salesman whose business it was to solicit orders and then forward same to its place of business at Fort Madison for acceptance or confirmation. It could hardly be denied that to obtain an order was the transaction of business. It appeared that defendant's agent devoted all of his time as salesman within the territory comprehended within the judicial district and certain additional territory. Orders were taken by him at Kansas City, St. Joseph, and Sedalia. Undoubtedly this was business of a substantial character and was transacted within the district.

Under such circumstances the venue would be fixed here. Jeffrey-Nichols Motor Co. v. Hupp Motor Car Corporation (C. C.

A.) 46 F.(2d) 623; Eastman Kodak Co. v. Southern Photo Materials Co., 273 U. S. 359, 47 S. Ct. 400, 71 L. Ed. 684. It would not be within the province of the court to determine venue upon the basis of a large amount of business in contradistinction to a small amount of business. The statute says that jurisdiction may be had if the corporation transacts business. No degrees are fixed. It is only a question of substantial business.

It would be idle to say that the defendant, upon the evidence in the case, was not transacting a substantial amount of business in the district.

■ 2. It does not follow that because it was transacting business in the district it could be regarded as present in the district or that "it may be found" there. On the contrary, the evidence disclosed that its place of business was at Fort Madison and that all orders were accepted or confirmed there. While the salesman was transacting business on behalf of the defendant, yet it was carried on in such way as to show that it was not present in the district but that it was present at the place of its business at Fort Madison.

The motion to quash the service as to the salesman should be sustained.

■ 3. Said statute, however, provides that "all process in such cases may be served in the district of which it is an inhabitant, or wherever it may be found." In this case it was unquestionably found at Fort Madison, Iowa, and a subpœna was served there. This was sufficient to bring it into court.

The motion to quash the service upon an officer at Fort Madison will be overruled.

■ 4. While the parties have not as yet had an opportunity to present arguments or briefs on the question of a temporary injunction, yet upon the petition it would seem that a temporary order should be granted in respect of the Iowa suit.

That action should not be prosecuted until it is determined here whether or not plaintiff is entitled to the relief sought. This suggestion does not deny to the defendant the right and privilege of appropriate pleadings, such as a challenge to the sufficiency of plaintiff's bill or to raise any other question on the pleadings which it may desire to raise. It would work no hardship upon the defendant to have the Iowa proceeding stayed until all questions here raised can be adjudicated.

Appropriate orders based upon this memorandum opinion should be prepared by counsel.