## ADOLPH MEYER, Inc., v. FLORISTS' TELEGRAPH DELIVERY ASS'N, Inc.

District Court, S. D. New York.

June 3, 1936.

Samuel S. Nash, of New York City, for plaintiff.

Lind, Shlivek, Marks & Brin, of New York City, for defendant.

KNOX, District Judge.

The opinion of the Supreme Court in Eastman Kodak Company v. Southern Photo Company, 273 U.S. 359, at page 373, 47 S.Ct. 400, 403, 71 L.Ed. 684, very definitely points out that the "transaction of business" by a foreign corporation within the confines of a particular judicial district is of wider significance than the "doing of business" within such district so as to subject the corporation to the valid service of process therein. The quotation from 273 U.S. 359, at page 371, 47 S.Ct. 400, 402, 71 L.Ed. 684, of the aforementioned opinion, and contained on page 13 of defendant's brief, has to do with the service of process within a district in which a defendant "does business" and is not an interpretation of what constitutes the transaction of business under the venue provisions of the Clayton Act (38 Stat. 730).

Defendant's affidavits admit that it has an unpaid district representative within this jurisdiction. His duties are "to promote the interests of the retail floral business in his district; to promote the exchange of orders between members, and give publicity to the service rendered by members; to solicit florists of good reputation to become members; and to furnish prospective members with all information necessary; to send to the offices prevailing retail prices for the market report, and to offer suggestions for the proper handling of the business of the Association, and generally to assist in the promotion of all affairs of the Association."

These services are comprehensive in character and contribute, undoubtedly, to the value and efficiency of the business carried on by defendant, both at its home office, and throughout the rest of the country.

Plaintiff's papers set forth that each of defendant's members, resident within a specified unit, pay annual dues to such unit, and this is not denied. Unquestionably, also, the defendant is in constant communication with its local members and considerable sums of money are constantly passing between them and the home office. The house magazine, likewise, is regularly received in this district. That publication is a medium through which defendant caters to the

welfare of its members, and tends to make membership in the organization desirable, as well as serve the purpose thereof. Mere solicitation upon behalf of a corporation is the transaction of business, as is indicated by the decision of the Supreme Court in Green v. Chicago, B. & Q. Ry. Co., 205 U.S. 530, at page 533, 27 S.Ct. 595, 51 L.Ed. 916. If this be true, I should think that what is here done on behalf of defendant is nothing less than the transaction of business of a continuous and substantial nature.

Approaching the argument that the subpœna should be set aside for the reason that Lou N. Anderson, upon whom, as a director of the defendant, the process under attack was served, it needs only to be said that in his capacity as such, he was discharging the duties of his office within the boundaries of the territory over which he exercises authority, and for which he was elected to defendant's board. It follows that plaintiff found the corporation at Anderson's place of business.

From the foregoing, it is apparent that plaintiff's motion for a preliminary injunction must be decided.

In my judgment, the danger of irreparable injury to plaintiff from the threatened acts of defendant is not so imminent and serious as to justify the restraining order that plaintiff asks. The matter of injunctive relief may well await final hearing.

Both motions are denied.