HANSEN PACKING CO. v. ARMOUR & CO.
et al.

District Court, S. D. New York.

July 30, 1936.

George L. Schein, of New York City (Joseph M. Cohen, of New York City, of counsel), for plaintiff.

Stahl & Updike, of New York City (J. Howard Carter, of New York City, of counsel), for defendants.

KNOX, District Judge.

This case involves two causes of action, both for treble damages under the Sherman Anti-Trust Act (15 U.S.C.A. § 1 et seq.) and Clayton Act (38 Stat. 730). Suit was originally brought against Armour & Co., an Illinois corporation (hereafter the Illinois corporation). Subsequently, plaintiff was granted leave to join Armour & Co. of Delaware, a Delaware corporation (hereafter the Delaware corporation) and Armour & Co. of New Jersey, a New Jersey corporation (hereafter the New Jersey corporation), as defendants. The amended supplemental complaint thereafter served upon defendants alleged two causes of action: One against the Illinois corporation alone which upon its face appears to charge the defendant with violations of the Sherman Anti-Trust Act (15 U.S.C.A. § 1 et seq.) and of section 2 of the Clayton Act (15 U.S.C.A. § 13); the other averring similar violations by the three defendant corporations.

The defendants now make the following motions:

(1) The Delaware and New Jersey corporations move under rule 107 of the Rules of Civil Practice for judgment dismissing the complaint as to them on the ground that this court does not have jurisdiction over the persons of the defendants.

Under section 12 of the Clayton Act (15 U.S.C.A. § 22), "Any suit, action, or proceeding under the antitrust laws against a corporation may be brought not only in the judicial district whereof it is an inhabitant, but also in any district wherein it may be found or transacts business; and all process in such cases may be served in the district of which it is an inhabitant, or wherever it may be found."

Service on the New Jersey corporation was made on its resident agent in Jersey City, N. J. Service on the Delaware corporation was made on its resident agent in Wilmington, Del., and on its statutory agent for service of process in Jersey City, N. J.

In suits under section 7 of the Sherman Anti-Trust Act (15 U.S.C.A. § 15 note), the word "found" came to mean "doing business" to a substantial extent. People's Tobacco Company v. American Tobacco Company, 246 U.S. 79, 87, 38 S.Ct. 233, 62 L.Ed. 587, Ann.Cas.1918C, 537. The amount of "doing business" necessary to constitute "transacting business," while not precisely determinable, is considerably less than that which has been required to satisfy the term "found." Eastman Kodak Company v. Southern Photo Company, 273 U.S. 359, 371, 47 S. Ct. 400, 402, 71 L.Ed. 684; Haskell v. Aluminum Company of America, 14 F.(2d) 864 (D.C., D.Mass.1926); Northern Kentucky Telephone Company v. Southern Bell Telephone Company, 54 F.(2d) 107 (D.C., E.D.Kentucky 1931).

The Delaware corporation contends that since it did only 2.49 per cent. of its business in New York for the fiscal year ending November 1, 1935, it has not "transacted business" here. This small percentage, however, amounted to $4,000,000 and is simply a commentary on the defendant's size. See unreported opinion in Meyer v. Florists' Telegraph Delivery Association, Inc. (D.C.) 16 F.Supp. 783, decided June 3, 1936. Also Katz Drug Company v. Sheaffer Pen Company, 6 F.Supp. 210 (D.C.Missouri 1932). As to the Delaware corporation, the motion is denied.

The motion by the New Jersey corporation presents a more difficult problem. The plaintiff alleges that the New Jersey corporation is doing business in this district, but has pleaded no facts, and submitted no affidavits to substantiate the allegation. Furthermore, the defendant denies the allegation, and in an affidavit filed in support of the motion to dismiss, specifically avers in some detail that the New Jersey corporation trans-

acts no business here. In the light of this affidavit, this court, therefore, should not exercise jurisdiction on a pleader's mere conclusion that the New Jersey corporation is "doing business" here, and, in consequence, may be "found" or is "transacting business" within this district. The jurisdictional allegation, if it is to be sustained, must be supported by proof.

If a factual question on the subject of jurisdiction were presented, this court could refer the matter to a special master (National Foundry Company v. Alabama Pipe Company (D.C.) 7 F.Supp. 823, 825), but it cannot subject the defendant to the equivalent of an examination before trial until the plaintiff alleges facts showing that this court has jurisdiction. See In re Fisk, 113 U.S. 713, 5 S.Ct. 724, 28 L.Ed. 1117. Support for the plaintiff's contention that the allegation of conspiracy is sufficient to bring a coconspirator under this court's ægis cannot be found in the applicable statutes. Section 5 of the Sherman Anti-Trust Act (15 U.S. C.A. § 5) and section 15 of the Clayton Act (15 U.S.C.A. § 25) apply only to suits by the government and the failure of Congress to make similar provision for civil suits by private litigants implies an intent to withhold the privilege.

The motion as to the New Jersey corporation is granted.

(2) The Illinois Corporation moves under rule 90 of the Rules of Civil Practice for judgment requiring the plaintiff separately to state and number, in each of its alleged causes of action, the cause of action under the Sherman Anti-Trust Act and the cause of action under the Clayton Act.

In each of the two causes of action the plaintiff charges the Illinois Corporation with violations of the Sherman Anti-Trust Act and of section 2 of the Clayton Act. In his memorandum in opposition to the defendant's motion, the plaintiff explains that he is seeking recovery only for the defendant's alleged price discrimination; nevertheless, the right to recover is predicated upon both the Sherman Anti-Trust and Clayton Act. Contention is made that each part sets up a single cause of action despite the alleging of both statutes. However, in Baran v. Goodyear T. & R. Co., 256 F. 570 (D.C.S.D.N.Y.1918), an almost identical problem was passed upon, and the present case is an a fortiori situation in that the plaintiff has no remedy at all under the Sherman Anti-Trust Act for price discrimination, whereas in the Baran Case the plaintiff might have had a cause of action under the Sherman Anti-Trust Act. See, also, Ware-Kramer Tobacco Company v. American Tobacco Company (C.C.) 178 F. 117. The plaintiff's reliance on Payne v. New York, S. & W. R. R. Co., 201 N.Y. 436, 95 N.E. 19, is misplaced, since a decision under one of the anti-trust statutes would not be res judicata in a suit under the other. See United Shoe Machinery Corporation v. United States, 258 U.S. 451, 42 S.Ct. 363, 66 L.Ed. 708. Certainly a decision on price discrimination under the Clayton Act would not be res adjudicata in a suit under a statute giving no such remedy. This motion is granted.

(3) The Illinois corporation moves under rule 103 of the Rules of Civil Practice for judgment striking from the complaint, on the ground that they are irrelevant, redundant and prejudicial, the following paragraphs: XXIV, XXVI, XXVII, XXX, XLIX, LI, LII, LIV.

Preliminarily, it should be noted that such motions are not regarded with favor, and will be denied unless the allegations have no possible relation to the controversy or may prejudice the defendant. See Gerseta Corporation v. Silk Association of America, 220 App.Div. 302, 222 N.Y.S. 7; Woods v. Althauser, 212 App. Div. 618, 209 N.Y.S. 416; Ware-Kramer Tobacco Company v. American Tobacco Company (C.C.) 178 F. 117. Paragraph XXIV charges the Illinois Corporation with malice. Section 2 of the Clayton Act (15 U.S.C.A. § 13) contains the following proviso: "Provided, That nothing herein contained shall prevent discrimination in price between purchasers of commodities on account of differences in the grade, quality, or quantity of the commodity sold, or that makes only due allowance for difference in the cost of selling or transportation, or discrimination in price in the same or different communities made in good faith to meet competition: And provided further, That nothing herein contained shall prevent persons engaged in selling goods, wares, or merchandise in commerce from selecting their own customers in bona fide transactions and not in restraint of trade."

788

It has been held that these possible justifications of the defendant's acts need not be negatived by the plaintiff. Gibson Canning Company v. American Can Company, 1 F.Supp. 242 (D.C.E.D. Illinois 1932). The defendant's good faith under the proviso is a matter of defense. See Porto Rican American Tobacco Company v. American Tobacco Company, 30 F.(2d) 234, 237 (C.C.A.2nd, 1929); American Can Company v. Ladoga Canning Company, 44 F.(2d) 763, 766, 767 (C.C. A.7th, 1930). If this particular allegation were the only claimed defect in the complaint, liberality would dictate that it be passed over. Since the complaint will have to be redrawn, if the plaintiff desires to anticipate the defense (without now deciding whether such procedure is good pleading), it should be done explicitly.

Paragraph XXVI repeats paragraph XXIII; one or the other should be eliminated.

In paragraph XXVII, the plaintiff asks for punitive damages which he then proceeds to treble. This paragraph should be stricken. The plaintiff must prove his actual damages. Keogh v. Chicago & N. W. R. Co. (1922) 260 U.S. 156, 43 S.Ct. 47, 67 L.Ed. 183; American Sea Green Slate Company v. O'Halloran, 229 F. 77 (C.C.A.2nd, 1915). In trebling the amount of actual damages, it seems indisputable that the statutes carry their own symbol of punishment. The plaintiff can recover only what the statutes give him. Buckeye Powder Company v. E. I. Du Pont de Nemours Powder Company, 196 F. 514, 519 (D.C., D.N.J.1912), while apparently in support of the plaintiff, merely decided that an allegation of punitive damages does not make a complaint duplicitous. The question of relevance was not passed upon.

Paragraph XXIX must be revised, since XXVII is stricken.

The disposition having to do with XXIV, XXVI, XXVII, and XXIX is applicable to XLIX, LI, LII, LIV respectively.

(4) The Illinois corporation moves under rule 102 of the Rules of Civil Practice for judgment requiring that the following paragraphs be amended by setting forth the dates at which the alleged acts occurred: XV, XVII, XIX, XX, XXIX, XLI, XLIII, XLIV.

To give the defendant a chance to invoke the statute of limitations, if it be apposite, the plaintiff should plead, to the best of his ability, the time when the acts alleged in paragraphs XVII, XIX, XX, XLI, XLII, XLIV, occurred. United Copper Securities Corporation v. Amalgamated Copper Company, 232 F. 574, 576 (C.C.A.2nd, 1916). Paragraphs XV and XXIX charge that at all times in the past and continuing in the present the defendants have done and are now doing certain acts not immediately related to the charge or price discrimination. Whatever obscurity there may be in these paragraphs can be remedied by a bill of particulars.