## LECHLER LABORATORIES, Inc., et al. v. DUART MFG. CO., Inc., et al.

District Court, S. D. New York.

Oct. 1, 1940.

Willis B. Rice and H. Walter Reynolds, both of New York City (H. Walter Reynolds, of New York City, of counsel), for plaintiffs.

Morris Kirschstein, of New York City, for defendant W. G. Shelton Co., Inc.

MANDELBAUM, District Judge.

This is a motion by defendant, W. G. Shelton Co., Inc., appearing specially, to dismiss the action as against it on the ground that the venue is improper because the moving defendant does not transact business in the Southern District of New York within the meaning of Section 12 of the Clayton Act. 15 U.S.C.A. § 22.

In their complaint, plaintiffs seek to recover damages for violation of the Sherman Anti-Trust Act, 15 U.S.C.A. §§ 1–7, 15 note, and the Clayton Act, 38. Stat. 730. The moving defendant is incorporated in Missouri and has its principal office in St. Louis. The original complaint in this action was filed on April 30th, 1940. Service of process was attempted upon Mr. Mahoney, a representative of moving defendants, in New York City. This service was subsequently quashed, and on August 8th, 1940, a supplemental summons and an amended complaint were served upon defendant, W. G. Shelton,

**840**

Inc., by the United States Marshal for the Eastern District of Missouri, in St. Louis, Missouri, in accordance with the provisions of the anti-trust acts. There is, therefore, no question with respect to service of process.

The venue of an action under the anti-trust law against a corporation is "not only in the judicial district whereof it is an inhabitant, but also in any district wherein it may be found or transacts business". 15 U.S.C.A. § 22. There is here no contention that the moving defendant is found within this district and the quashing of the attempted service of process upon it probably forecloses the making of any such assertion. The disposition of the motion therefore depends upon whether or not the moving defendant comes within the tests of "transacting business" laid down by the authorities.

■■■■ It is settled that the quantum of business which must be transacted by a corporation in a district to place the venue of an action under the anti-trust acts is less than the "doing business" which is necessary to sustain the service of process. Eastman Kodak Co. v. Southern Co., 273 U.S. 359, 47 S.Ct. 400, 71 L.Ed. 684; Hansen Packing Co. v. Armour & Co., D.C., 16 F.Supp. 784; Meyer, Inc. v. Florists' Telegraph Delivery Association, Inc., D.C., 16 F.Supp. 783; Haskell v. Aluminum Co. of America, D.C., 14 F.2d 864; United States v. Aluminum Co. of America, D.C., 20 F.Supp. 13; Sure-Fit Products Co. v. Fry Products Co., D.C., 23 F.Supp. 610; Deutsch v. Times Pub. Corporation, D.C., 33 F.Supp. 957. The corporation must, however, be transacting business within the district of a "substantial character" and the mere fact that some business is done is not enough. Eastman Kodak Co. v. Southern Co., supra; Seaboard Terminals Corp. v. Standard Oil Co. of New Jersey, D.C., 24 F.Supp. 1018; Jeffrey-Nichols Motor Co. v. Hupp. Motor Car Corporation, 1 Cir., 46 F.2d 623.

■■■ Here, the plaintiffs, in opposition to this motion, have submitted the affidavits filed by the moving defendant in support of the prior motion to quash the service of process upon Mahoney and have indicated their willingness to rest upon the facts shown in these affidavits. These affidavits show that until July 31st, 1940, the Shelton Company maintained and paid the rent of an office at 7 West 44th Street, New York City. It is not disputed, however, that on March 28th, 1940, prior to the institution of this action, the agents for the landlord were notified that the lease would not be renewed. The company is engaged in the manufacture and sale of beauty parlor equipment, including permanent hair waving machines and supplies. It markets its products throughout the United States through local dealers or jobbers, who in turn sell the products to beauty shops in their respective localities. Mr. Mahoney, who is not an officer of the company and who has no authority to bind the company in any way, is the representative of the company for the New England States, New York and New Jersey. It is his duty to make the rounds of the dealers in this territory and to aid and assist them in selling Shelton equipment. In this he is assisted by an experienced demonstrator who is compensated for her services by the Shelton Company.

In the Southern District of New York, the Shelton Company has only one dealer. There is, however, no statement in the papers with respect to the amount of business done by this dealer with the Shelton Company and plaintiffs have made no allegations with regard to this point. It may be that the business done by the Shelton Company with its one' dealer in New York City in fact is substantial but in the absence of such a showing, the motion must be decided on the case which the parties have made. As it stands, the fact that the Shelton Company has one dealer in New York through whom some local business is done, taken together with the other circumstances presented in the affidavits, does not, in my opinion, constitute the transacting of business of a substantial character which, under Section 12 of the Clayton Act and the cases cited, supra, is necessary to found the venue of this action as against the moving defendant. The motion, therefore, will be granted.

Submit order on notice.