## UNITED STATES v. GERBER et al.
### Civ. No. 8946.

United States District Court
E. D. Pennsylvania.

Aug. 10, 1949.

176

W. Wallace Kirkpatrick, Sp. Asst. to Atty. Gen., and with him on the brief, John H. D. Wigger, Baddia J. Rashid, Sp. Assts. Herbert A. Bergson, Asst. Atty. Gen., Gerald A. Gleeson, U. S. Atty., Philadelphia, Pa., and Stanley E. Disney, Sp. Asst. to Atty. Gen., for plaintiff.

Harry Shapiro and Leonard J. Cook, of Shapiro, Conner, Rosenfeld & Stalberg, Philadelphia, Pa., and Harry R. Begley, of Gottlieb, Schwartz & Friedman, of Chicago, Illinois, for defendants.

BARD, District Judge.

The complaint filed by the Government alleges that the defendants have entered into unlawful agreements in restraint of interstate trade, in violation of Section 1 of the Sherman Act[1] and Section 3 of the Clayton Act[2]. The case is now before me on the defendants' motion to quash service of process or, in the alternative, to transfer this cause to the United States District Court for the Northern District of Illinois, Eastern Division.

The defendant Max Gerber, a resident of Chicago, Illinois, operating under the trade name of Gerber Enterprises, has his principal place of business at 232 North Clark Street, Chicago, Illinois. The defendant Kokomo Sanitary Pottery Corporation, hereinafter called Kokomo, is an Indiana corporation which has its plant located at Kokomo, Indiana, and its principal office at 232 North Clark Street, Chicago, Illinois. The defendant Woodbridge

[1] Act of Congress of July 2, 1890, c. 647, § 1, 26 Stat. 209, as amended, 15 U.S.C.A. § 1.

[2] Act of Congress of October 15, 1914, c. 323, § 3, 38 Stat. 731, as amended, 15 U.S.C.A. § 14.

Sanitary Pottery Corporation, hereinafter called Woodbridge, is a Deleware corporation which has its plant located at Woodbridge, New Jersey, and its principal office at 232 North Clark Street, Chicago, Illinois. The defendant Globe Valve Corporation, hereinafter called Globe, is an Indiana corporation which has its plant located at Delphi, Indiana, and its principal office at 232 North Clark Street, Chicago, Illinois. The defendant Gerber Industries, Inc., hereinafter called Gerber Industries, is an Indiana corporation which has its plant located at Delphi, Indiana, and its principal office at 232 North Clark Street, Chicago, Illinois.

Defendants Woodbridge and Globe are wholly owned subsidiaries of the defendant Kokomo. The defendant Kokomo is owned by the defendant Max Gerber. The defendant Max Gerber owns about 45% of the stock of the defendant Gerber Industries, and the remaining stock of the defendant Gerber Industries is divided among the various employees and associates of the defendant Max Gerber. All of the products of the defendants are sold subject to approval and acceptance by the defendants at their principal office in Chicago, Illinois.

■ Venue is properly laid within the Eastern District of Pennsylvania, for the defendants are found or are transacting business, and have an agent in this district. The corporate defendants· admit in their affidavit that approximately 3.8% of their business comes from within this district. The Government's affidavit shows and the defendants' affidavit admits that the defendants retain a manufacturers' representative within this district. This representative regularly solicits and takes orders for more than 80% of the sales of the defendants' products within this district, and is paid on a commission basis. His stationery has the following legend printed on it at the bottom of the sheet: "Plumbing Fixtures by Gerber Globe Valve Corporation—Gerber Industries, Incorporated—Kokomo and Woodbridge Sanitary

Potteries." In view of the interlocking control among the defendants and in view of the above averments, suit may be brought by the Government in this district. 38 Stat. 731, 736 (1914), 15 U.S.C.A. §§ 15, 22; United States v. Scophony Corp. of America et al., 333 U.S. 795, 68 S.Ct. 855, 92 L.Ed. 1091; Eastman Kodak Co. of New York v. Southern Photo Materials Co., 273 U.S. 359, 47 S.Ct. 400, 71 L.Ed. 684; Sure-Fit Products Co. et al., v. Fry Products, Inc., et al., D.C., 23 F.Supp. 610; Hansen Packing Co. v. Armour & Co., D. C., 16 F.Supp. 784; Katz Drug Co. v. W. A. Scheaffer Pen Co., D.C., 6 F.Supp. 210; Standard Oil Co. of New Jersey et al., v. United States, 221 U.S. 1, 31 S.Ct. 502, 55 L.Ed. 619, 34 L.R.A.,N.S., 834, Ann.Cas.1912D, 734.

■ Since venue is properly laid within the Eastern District of Pennsylvania, the non-resident corporate defendants cannot complain that service of process was made by the United States Marshals of the districts of which they are inhabitants or are found. 15 U.S.C.A. §§ 4, 5, 15, 22; Eastman Kodak Co. of New York v. Southern Photo Materials Co., supra; Haskell v. Aluminum Co. of America, D. C., 14 F.2d 864; Frey & Son, Inc. v. Cudahy Packing Co., D.C., 228 F. 209. The individual non-resident defendant, Max Gerber, was served in his home in Illinois.

The defendants' motion to quash service of process must be denied.

The defendants also contend that Section 1404(a) of the Revised Judicial Code[3] applies to anti-trust cases, and that it would be for the convenience of the parties and witnesses and in the interest of justice to transfer this case to the Northern District of Illinois, Eastern Division.

■ Section 1404(a) is general in its application and applies to "any civil action", including anti-trust suits. United States v. National City Lines, Inc. et al., D.C., 80 F.Supp. 734, certiorari denied by opinion 337 U.S. 78, 69 S.Ct. 955; United States v. E. I. DuPont de Nemours & Co., D.C.Cir., 83 F.Supp. 233.

[3] 28 U.S.C.A. § 1404(a): "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

178

It appears from the facts alleged that it would be more convenient for at least the defendants and their witnesses to try this case in the Northern District of Illinois, Eastern Division. In this case the principal office for all of the defendants is in Chicago, Illinois. Most of the witnesses, books, records, and documents which will or may become necessary to be produced at trial are principally located in Chicago. Those which are not located in Chicago, if any, will be found in Delphi, Indiana, Kokomo, Indiana, or Woodbridge, New Jersey; these places, with the exception of Woodbridge, New Jersey, are much closer and more convenient to Chicago, Illinois, than to Philadelphia, Pennsylvania. The choice of venue in the interest of justice is actually determined by a preponderance of the facts in favor of either the plaintiff or the defendant, United States v. National City Lines, Inc., et al., D.C., 80 F.Supp. 734, 744. Taking this into consideration together with the facts set forth in the preceding paragraph, it seems to me that justice will best be served if this case is tried in Chicago, in the Northern District of Illinois, rather than in the Eastern District of Pennsylvania.

The Government claims that Philadelphia is more advantageously located for its witnesses. However, it fails to allege where its witnesses are from, or how much farther they will have to travel to get to Chicago rather than to Philadelphia. Moreover, the Government will probably have to rely for at least part of its case on the books, records, and documents of the defendants, all of which would have to be brought to Philadelphia if the trial were held here.

The Government states that this is one of three anti-trust suits which it filed simultaneously in the Eastern District of Pennsylvania against three groups of defendants, all of whom are in the same business, and contends that if all cases were tried in Philadelphia, they would receive uniform treatment. This is a forceful statement but, under all the facts and circumstances, not a convincing one. In the instant suit the defendants have their principal office in Chicago, Illinois. In the second suit, United States of America v. Kohler Co., D.C., 9 F.R.D. 289, the defendant company has its principal office in Kohler, Wisconsin. And in the third suit, United States v. Briggs Manufacturing Company et al., D.C., 86 F.Supp. 178, the defendants have their principal office in Detroit, Michigan. If uniform treatment is the determining ingredient of venue, any one of these three jurisdictions could have been selected rather than the Eastern District of Pennsylvania.

The complaint alleges, not an illegal restraint of trade in the Philadelphia locality only, but an illegal restraint of interstate trade presumably encompassing the entire United States. The Government should not be permitted to harass the defendants by selecting some far-off place for trial which would put the defendants to unnecessary expense and travel in order to conduct their defense. Such harassing is an evil of the Sherman and the Clayton Acts which Section 1404(a) of the Revised Judicial Code is intended to correct.

In accordance with this opinion, an order will be entered granting the defendants' motion to transfer this case to the United States District Court for the Northern District of Illinois, Eastern Division.

**Civ. No. 8948.**

United States District Court
E. D. Pennsylvania.

Aug. 10, 1949.