**UNITED STATES v. BRIGGS MFG. CO. et al.**

**Civ. No. 8948.**

United States District Court
E. D. Pennsylvania.

Aug. 10, 1949.

W. Wallace Kirkpatrick, Sp. Asst to Atty. Gen., on the brief, John H. D. Wigger, Baddia J. Rashid, Sp. Attys. of Washington, D. C., Herbert A. Bergson, Asst. Atty. Gen., and Gerald A. Gleeson, U.S.Atty., of Philadelphia, Pa., and Stanley E. Disney, Sp. Asst. to Atty. Gen., for plaintiff.

Yates G. Smith, of Beaumont, Smith & Harris, of Detroit, Michigan and Robert T. McCracken and Joseph W. Swain, Jr. (of Montgomery, McCracken, Walker & Rhoads), of Philadelphia, Pa., for defendants.

BARD, District Judge.

The complaint filed by the Government alleges that the defendants have entered into unlawful agreements in restraint of interstate trade in violation of Section 1 of the Sherman Act[1] and Section 3 of the Clayton Act.[2] The case is now before me on the defendants' motion to transfer this action to the Eastern District of Michigan, Southern Division.

The defendant Briggs Manufacturing Company, hereinafter called Briggs, is a Michigan corporation which has all of its plants and its offices in Detroit, Michigan. The defendant Abingdon Potteries, Inc., hereinafter called Abingdon, is an Ohio Corporation which has all of its plants and its offices at Abingdon, Illinois. The defendant John Douglas Company, hereinafter called Douglas, is an Ohio corporation which has all of its plants and offices at Cincinnati, Ohio. The defendant Republic Brass Company, hereinafter called Republic, is an Ohio corporation which has all of its plants and offices at Cleveland, Ohio.

Defendants Douglas and Republic are wholly owned subsidiaries of the defendant Briggs. The defendant Briggs has a controlling interest in the outstanding capital stock of the defendant Abingdon. All of the products of the defendants Douglas and Abingdon are sold to the defendant Briggs and are thereafter resold by the defendant Briggs. The products of the defendant Republic are sold either to the defendant Briggs or directly to the customers of the defendant Republic in accordance with orders and directions from the defendant Briggs.

The defendants contend that Section 1404(a) of the Revised Judicial Code[3] applies to anti-trust cases, and that it would be for the convenience of the parties

[1] Act of Congress of July 2, 1890, c. 647, § 1, 26 Stat. 209, as amended, 15 U.S.C.A. § 1.

[2] Act of Congress of October 15, 1914, c. 323, § 3, 38 Stat. 731, as amended, 15 U.S.C.A. § 14.

[3] 28 U.S.C.A. § 1404(a): "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

and witnesses and in the interest of justice to transfer this case to the Eastern District of Michigan, Southern Division.

For the reasons set forth in an opinion filed this day by me in United States v. Gerber et al., D.C., 86 F.Supp. 175, the defendants' motion to transfer this case to the United States District Court for the Eastern District of Michigan, Southern Division, is granted.